IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00597-KLM

KISHA BIRTS,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
DEBRA REILLY, and
RITA WINN,

Defendants.

## DEFENDANT REILLY'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT [ECF. NO. 1]

Defendant Debra Reilly respectfully submits this partial motion to dismiss the claims against her in the Complaint [ECF No. 1], pursuant to Rule 12(b)(6).

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(b)(2), conferral is not required because this motion is brought under Fed R. Civ. P. 12.

### STATEMENT OF THE CASE

Plaintiff Kisha Birts is a former Colorado Department of Corrections ("CDOC") inmate, having paroled in December of 2021. ECF No. 1, ¶ 166. For the duration of her incarceration, Plaintiff was housed in the Denver Women's Correctional Facility ("DWCF"). *Id.*, ¶ 1.

Plaintiff was given a health screening upon her arrival at DWCF. *Id.*, ¶ 34. Results from her lab work revealed that she was positive for both HIV and syphilis. *Id.*, ¶ 36. Despite these

results being available as early as March 16, 2020, Plaintiff alleges that defendants, including Defendant Reilly, failed to inform her of her diagnosis and failed to provide treatment for the same. *Id*., ¶¶ 2, 35. Plaintiff alleges that her HIV diagnosis went untreated for over a year, and her syphilis was left untreated for over two years. *Id*., ¶ 2. Plaintiff further alleges that once her HIV diagnosis became known to her in March of 2021 and she began filing grievances about the yearlong lack of information and treatment, Defendant Reilly retaliated against her by refusing to provide medical care to Plaintiff. *Id*., ¶¶ 91, 164.

Plaintiff initiated this action, alleging that Defendant Reilly violated her rights under the First and Eighth Amendments. Plaintiff also brings a claim of professional negligence against Defendant Reilly and asserts a violation of her rights under Title II of the Americans with Disabilities Act against the CDOC. She seeks compensatory and punitive damages.

Plaintiff's Complaint fails to state a claim for relief against Defendant Reilly with respect to her First Amendment retaliation claim. She has not plead any non-conclusory facts that would support a retaliation claim against Defendant Reilly. Applicable law holds that it is not enough to merely identify some sort of action undertaken by prison staff and say that the conduct was done in retaliation for the exercise of a protected right; instead, a plaintiff must allege concrete facts that would allow the court to infer it. Plaintiff's Complaint does not meet this standard with respect to Defendant Reilly, and her First Amendment claim should be dismissed as a result.[1]

---

[1] Defendant Reilly notes that although the issue does not appear to have been addressed by the Tenth Circuit, the overwhelming weight of cases—including from the District of Colorado—hold that where a defendant moves to dismiss some (but not all) of the claims against it, it need not answer the remaining claims until the partial motion to dismiss has been resolved. *See Bd. of Cty. Comm'rs Cty. of La Plata, Colo. v. Brown Grp. Retail, Inc.*, No. 08-CV-00855-LTB-KMT, 2008 WL 4527736, at *1 (D. Colo. Oct. 3, 2008) (collecting cases from other districts); *see also Talbot v. Sentinel Ins. Co.*, No. 2:11-cv-01766-KJD-CWH, 2012 WL 1068763, at *4 (D. Nev. Mar. 29, 2012) (collecting cases holding the same). However, if the Court disagrees with the foregoing authorities, Defendant Reilly moves in the alternative under Rule 6(b)(1)(A) for an extension of time to submit an answer or other

**STANDARD OF REVIEW**

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility requires more than mere conceivability. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). Put simply, a plaintiff "must include enough facts to 'nudge[] [his] claims across the line from conceivable to plausible.'" *Dennis v. Watco Cos., Inc.*, 631 F.3d 1303, 1305 (10th Cir. 2011) (quoting Twombly, 550 U.S. at 570).

**ARGUMENT**

**I.       Plaintiff's fails to allege facts sufficient to establish or allow the Court to infer retaliatory motive, and thus his First Amendment claim against Defendant Reilly must be dismissed.**

Plaintiff alleges, "[o]n information and belief," that Defendant Reilly refused to provide her with basic medical care as a result of Plaintiff filing multiple grievances which drew attention to the yearlong lapse in information about and treatment of her HIV diagnosis. ECF No. 1, ¶ 164. Because Plaintiff has failed to plausibly plead sufficient facts which demonstrate that Defendant Reilly's alleged conduct constituted retaliation in violation of the First Amendment, this claim should be dismissed.

---

responsive pleading to the claims that are not addressed in this Partial Motion to Dismiss of up to and including fourteen days after the date on which it resolves this Motion.

To state a claim that an individual was retaliated against for exercising her constitutional rights, that individual must allege that: (1) he or she was engaged in constitutionally protected activity; (2) the actions in question caused the individual to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the adverse actions were substantially motivated as a response to the individual's exercise of constitutionally protected conduct. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007). A plaintiff is required to allege specific facts showing that but for the retaliatory motive, the adverse incidents in question would not have taken place. *See Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990); *Guy v. Lampert*, 748 F. App'x 178, 180 (10th Cir. 2018). Here, Plaintiff has not sufficiently plead this third, "but for" prong of a First Amendment retaliation claim.

Plaintiff must sufficiently plead that Defendant Reilly's actions were substantially motivated as a response to her protected activity – here, Plaintiff's filing of grievances against Defendant Reilly. Put differently, Plaintiff must plausibly demonstrate that *but for* Defendant Reilly's retaliatory motive, she would not have been denied certain medical needs and requests. *Shero*, 510 F.2d at 1203.

Plaintiff has not established this required causal connection. For example, Plaintiff alleges that because of her grievances, Defendant Reilly refused her testing and treatment for syphilis. ECF No. 1, ¶¶ 164, 202. Plaintiff states that she submitted her first Step 1 grievance against Defendant Reilly on June 27, 2021. *Id*., ¶ 128. Yet Plaintiff also alleges that as early as May 4, 2020 – over a year before Plaintiff would file her first grievance – Defendant Reilly was aware that she was presenting with indications of syphilis, which Defendant Reilly then failed to treat. *See Id*. at ¶¶ 54-57, 76. In essence, Plaintiff alleges that Defendant Reilly was engaged in

the exact same behavior – knowingly failing to treat her syphilis infection – long before she ever filed a single grievance. As such, it cannot be inferred that Plaintiff would have received treatment for syphilis *but for* filing grievances against Defendant Reilly.

Similarly, Plaintiff points to the fact that her HIV medication was allowed to run out for four days in late July of 2021 as evidence that Defendant Reilly was retaliating against her for submitting grievances. *Id*., ¶¶ 130-137. But taking the allegations in the Complaint as true, Defendant Reilly also failed to provide Plaintiff with HIV medication for more than six weeks in March and April of 2021 – again, months before Plaintiff would submit her first grievance. *See Id*., ¶¶ 97-98, 102, 108, 112. While the timing of alleged acts of retaliation could *potentially* support an inference of retaliatory motive, *see Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010), allegations of temporal proximity are not probative of retaliatory motive where, as here, Defendant Reilly is alleged to have engaged in the same behavior pre-grievances.

Furthermore, Plaintiff's own Complaint establishes non-retaliatory reasons for Defendant Reilly's denial of special washes and pads. Plaintiff was told that her requested pass to wash her clothing more often that usual was denied cause "medical [aka special] washes will not help with your issues of incontinence." ECF No. 1, ¶ 161. When Plaintiff asked Defendant Reilly to provide more pads, Defendant Reilly informed her that additional pads could be bought from commissary. *Id*., ¶ 149. Plaintiff has not alleged that she was indigent to the extent of not being able to afford pads from commissary, thus making Defendant Reilly her only way of procuring the requested item.

Finally, Plaintiff points to Defendant Reilly's purported failure to provide venereal disease testing or hepatitis medication as evidence of retaliation against Plaintiff for filing

grievances against Defendant Reilly. *Id.*, ¶ 164. But again, these alleged failures do not, in and of themselves, enable the court to reasonably infer that Defendant Reilly acted with a retaliatory motive. Months before Plaintiff ever submitted her first grievance, she claims that Defendant Reilly had refused to approve a medical powder as a treatment for a yeast infection. *Id.*, 64. Plaintiff then describes another occasion – again, pre-grievance – where Defendant Reilly allegedly cancelled a medical appointment to address Plaintiff's incontinence. *Id.*, ¶¶ 85-86. Looking at the allegations concerning Defendant Reilly's conduct as a whole, as opposed to in isolation, Plaintiff cannot establish that "but for" her grievances, Defendant Reilly would have proceeded differently with respect to the provision of specific healthcare services.

Plaintiff has made myriad allegations that Defendant Reilly was negligent in her provision of medical care, both before Plaintiff's HIV diagnosis was made known to her, as well as after. But allegations of persistent and ongoing deficiencies in the provision of healthcare cannot substitute as *prima facia* evidence of retaliation. A plaintiff must "allege specific facts showing retaliation *because of* the exercise of [her] constitutional rights." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (quoting *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990)) (emphasis added). Put differently, allegations of negligence cannot establish retaliatory intent as a matter of law.

Taken as true, Plaintiff's allegations demonstrate that Defendant Reilly did not address many of Plaintiff's health needs both before *and after* Plaintiff began filing grievances. The allegations in the Complaint fail to demonstrate a *change* in Defendant Reilly's alleged healthcare practices such that a retaliatory motive could be inferred for any of her claimed post-grievance actions. Because Plaintiff has not made allegations that Defendant Reilly's alleged

retaliatory motives were the "but for" cause of Defendant Reilly's actions, her First Amendment claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Debra Reilly respectfully requests that Plaintiff's First Amendment claim against her (Claim Three) be dismissed.

Respectfully submitted this 12th day of May, 2023.

                                      PHILIP J. WEISER
                                      Attorney General

*/s/ Kelley M. Dziedzic*
KELLEY M. DZIEDZIC*
COLE J. WOODWARD*
Assistant Attorneys General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6647 (Dziedzic)
               720-508-6602 (Woodward)
E-mail: kelley.dziedzic@coag.gov
          cole.woodward@coag.gov
*Attorneys for Defendant Debra Reilly*
*Counsel of Record

## CERTIFICATE OF SERVICE

This is to certify that on May 12, 2023, I have served the foregoing **PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT** upon all parties herein by e-filing with the CM/ECF system maintained by the court and by depositing a copy of the same in the United States mail, postage prepaid, at Denver, Colorado, on May 12, 2023, addressed as follows:

Raymond K. Bryant
Civil Rights Litigation Group, PLLC
1543 Champa St., Ste 400
Denver, CO  80202
720-515-6165
raymond@rightslitigation.com

Aurora L. Randolph
ALR Civil Rights LLC
9878 W. Belleview Ave Ste 2129
Denver, CO  80123
303-968-1703
aurora@alrcivilrights.com

*Courtesy copy e-mailed to:*
Adrienne Sanchez, CDOC

*Attorneys for Plaintiff*

*/s/ James Mules*