IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00597-PAB-KAS

KISHA BIRTS,

    Plaintiff,

v.

RITA WINN,

    Defendant.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Unopposed Renewed Motion for Restricted Access to Plaintiff's Medical Records** [#141] (the "Motion").

The Court previously denied without prejudice the parties' motions to restrict [#111, #126] on the grounds that the records at issue are central to the Court's analysis in this matter, and, as a result, the public has a considerable interest in accessing these records. *See Minute Order* [#140] at 2. Additionally, the Court noted that the parties failed to adequately explain why redactions are impracticable. *Id.* Resultingly, the Court ordered the parties to either (1) file redacted versions of the proposed restricted documents or (2) file renewed motions explaining why redactions are impracticable. *Id.* Plaintiff, through the instant Motion [#141], contends that, while she has necessarily put her medical condition at issue, her privacy interests nonetheless outweigh the public's interest in accessing these documents.

### I. Legal Standard

"Courts have long recognized a common-law right of access to judicial records." *United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020) (citing *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)). "Although this common law right is not absolute, there is a strong presumption in favor of public access." *Id.* at 1293 (internal quotations and citations omitted). The strong presumption of openness can "be overcome where countervailing interests heavily outweigh the public interests in access" to the judicial record. *Id.* Thus, in exercising their discretion to restrict access to judicial records, courts must "weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id.* (internal quotations omitted).

The Court recognizes that "the privacy interest inherent in personal medical information can overcome the presumption of public access." *United States v. Dillard*, 795 F.3d 1191, 1205-06 (10th Cir. 2015). However, where a plaintiff's medical condition is directly at issue, courts are reluctant to restrict related medical records. *See Ryan v. Corr. Health Partners*, No. 18-cv-00956-MSK-MEH, 2020 WL 6134912 (D. Colo. Oct. 19, 2020) (denying motion to restrict medical records because the plaintiff "put her medical condition at issue as part of her claims" and "the records contain information that is central to the issues implicated in this case"); *Hill v. Corr. Corp. of Am.*, No. 14-cv-02960-MSK-MJW, 2016 WL 8925432, at *8 (D. Colo. June 20, 2016) ("Although the Court concedes that [plaintiff] has some privacy interest in his medical records, that privacy interest is voluntarily compromised when he brings a lawsuit that necessarily concerns his medical condition and the treatment he received.").

In this District, motions to restrict are governed by D.C.COLO.LCivR 7.2. Motions seeking restriction of public records must articulate a sufficiently significant interest that will justify continuing to override the presumption of public access and must demonstrate that no remedy short of restricted access can adequately protect the identified privacy interests. *Id.* D.C.COLO.LCivR 7.2 specifically requires that a motion to restrict public access describe: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interests that warrant the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; (4) why a less restrictive alternative to the relief sought is not available; and (5) identify the level of restriction sought. *Id.*

## II. Analysis

### A. Exhibits to Defendant's Motion for Partial Summary Judgment [#112]

Plaintiff has requested restriction of nine exhibits attached to Defendant's Motion for Partial Summary Judgment. Plaintiff acknowledges the burden placed on her by D.C.COLO.LCivR 7.2. *See Motion* [#141] at 4. Plaintiff contends that Level 1 restriction is warranted for each document addressed below because "they contain large amounts of very private and protected health information." *Id.* at 5. Plaintiff further argues that while she has made her medical condition public to vindicate her rights, "she does not lose all privacy interests in her personal health information and medical records." *Id.* at 7. The Local Rules require Plaintiff to identify a "clearly defined and serious injury" that could result if restriction is not permitted. Here, Plaintiff generally identifies the injury as a violation of her privacy rights and anticipated embarrassment. *See id.* at 5, 7. Regarding the possibility of redactions, Plaintiff asserts that redactions are impracticable for many of these documents because they "need to be reviewed in their entirety by the Court[.]" *Id.* at 8. The Court has reviewed each of the exhibits and analyzes them in turn below.

1. <u>Exhibit 1 [#112]</u>

Exhibit 1 [#112] reflects Plaintiff's Intake Physical Exam notes. This exhibit appears

to reflect a holistic, comprehensive review of Plaintiff's medical condition. It contains information regarding Plaintiff's medical and family history, menstrual cycle, and current symptomology. It describes Plaintiff's body parts, and notes the medications prescribed to her. Plaintiff argues that redactions are impracticable because this is Defendant's record of a medical encounter at issue in this case that should be viewed in its entirety. *Motion* [#141] at 8.

While the Court notes that Plaintiff's explanation as to why redactions are impracticable is insufficient, the Court nonetheless finds that Exhibit 1 [#112] warrants restriction because much of this information is unnecessary to understand the issues that are central to this case. Furthermore, Exhibit 1 [#112] contains information regarding the medical history of Plaintiff's family members, who have not put their medical information in dispute in this case. *See EEOC v. A&A Appliance, Inc.*, No. 23-cv-02456-DDD-CYC, 2025 WL 744608, at *2 (D. Colo. Mar. 7, 2025) (restricting medical records where the records contained information regarding medical history of family members). Therefore, **Level 1 restriction is appropriate for Exhibit 1 [#112].**

2. Exhibit 5 [#112-2]

Exhibit 5 [#112-2] is Plaintiff's Appointment Log, which outlines each of Plaintiff's appointments while incarcerated at CDOC from March 2020 through August 2020. Plaintiff states that this document could be filed with all information, except certain highlighted excerpts which she believes warrant redaction. *Motion* [#141] at 8. However, Defendant apparently opposes any redactions, which is why Plaintiff seeks wholesale restriction of this document. *Id.*

Plaintiff fails to articulate why redactions are implausible with respect to Exhibit 5 [#112-2]. *See* D.C.COLO.LCivR 7.2(c)(4). Plaintiff asserts that redactions *are* possible, but Defendant disagrees with the proposed redactions. *See Motion* [#141] at 8. However, upon review of Exhibit 5 [#112-2], the Court finds that wholesale restriction is nonetheless inappropriate. Exhibit 5 can easily be redacted to exclude all appointments for irrelevant health issues, except for a specific appointment, which is relevant to the pending claims. Therefore, **a redacted version must be filed.** The restricted version will remain on the docket and available for the Court's review.

3. Exhibit 6 [#112-3]

This document reflects Plaintiff's lab test results wherein she tested positive for a sexually transmitted disease. It also includes information regarding Plaintiff's pap smear results, HPV test results, and medication and treatment notes. Plaintiff argues that redactions are impracticable because this exhibit is Defendant's record of a lab review that should be viewed in its entirety. *Motion* [#141] at 9.

Plaintiff first fails to properly articulate why redactions are impracticable. *See* D.C.COLO.LCivR 7.2(c)(4). Further, in her Amended Complaint [#51], Plaintiff discloses

much of this information. *See Am. Compl.* [#15] at 8-9, ¶ 51 (explaining that Plaintiff "did not have HPV"); ¶ 52 (discussing Plaintiff's diagnosis of trichomoniasis and bacterial vaginosis and describing treatment of same). The conditions and symptoms experienced by Plaintiff, arising from Defendant's alleged failure to notify her of her HIV diagnosis, are directly at issue in this case. While the Court concedes that Plaintiff has some privacy interest in her medical records, that privacy interest is voluntarily compromised when she brings claims placing her medical condition squarely at issue. *See Hill*, 2016 WL 8925432, at *8. Therefore, **the Court finds that a redacted version must be filed**. The restricted version will remain on the docket and available for the Court's review.

4. Exhibit 7 [#112-4]

Exhibit 7 [#112-4] is a 23-page long document reflecting Plaintiff's intake lab results from March 2020. The lab results, obtained through a blood specimen, are thorough and appear to reflect Plaintiff's overall health. Importantly, they indicate that Plaintiff tested positive for HIV-1 and her rapid plasma regain was abnormal. Plaintiff argues that redactions are impracticable because it is Defendant's record of a lab review that should be viewed in its entirety. *Motion* [#141] at 9.

Plaintiff first fails to properly articulate why redactions are impracticable. *See* D.C.COLO.LCivR 7.2(c)(4). Furthermore, while the Court concedes that Plaintiff has some privacy interest in her medical records, that privacy interest is voluntarily compromised when she brings claims placing her medical condition squarely at issue. *See Hill*, 2016 WL 8925432, at *8. Therefore, **the Court finds that a redacted version must be filed**. The restricted version will remain on the docket and available for the Court's review.

5. Exhibit 8 [#112-5]

Exhibit 8 [#112-5] is a letter from Defendant Winn informing Plaintiff that her HPV test was negative and that her next pap smear is due in March 2025. Plaintiff contends that redactions are impracticable because "the information in and missing from the [letter] is pertinent to this inquiry." *Motion* [#141] at 9.

Plaintiff first fails to properly articulate why redactions are impracticable. *See* D.C.COLO.LCivR 7.2(c)(4). Additionally, Plaintiff already revealed some of this information through her own pleadings. *See Am. Compl.* [#51] at 8-9, ¶ 51 (noting that Plaintiff did not have HPV). While the Court concedes that Plaintiff has some privacy interest in her medical records, that privacy interest is voluntarily compromised when she brings claims placing her medical condition squarely at issue. *See Hill*, 2016 WL 8925432, at *8. Therefore, **the Court finds that restriction of Exhibit 8 [#112-5] is not warranted.**

6. Exhibit 11 [#112-6]

Exhibit 11 [#112-6] is Plaintiff's sick call request and related labs arising from

Plaintiff's complaints of a yeast infection. Plaintiff argues that redactions are impracticable because this exhibit is Defendant's document of a medical encounter that should be viewed in its entirety. *Motion* [#141] at 9.

Plaintiff first fails to properly articulate why redactions are impracticable. *See* D.C.COLO.LCivR 7.2(c)(4). In addition, Plaintiff has disclosed much of this information already. *Am. Compl.* [#51] at 9, ¶ 58 (noting that Plaintiff "suffered from multiple yeast infections"); ¶ 62 (noting that Plaintiff developed a severe yeast infection); ¶ 64 (describing treatment of yeast infections); ¶ 66 (describing Plaintiff's complaints of "her unrelenting yeast infections"). The symptoms and diagnoses Plaintiff experienced prior to her knowledge of her HIV diagnosis lie at the core of her case. While the Court concedes that Plaintiff has some privacy interest in her medical records, that privacy interest is voluntarily compromised when she brings claims placing her medical condition squarely at issue. *See Hill*, 2016 WL 8925432, at *8. Therefore, **the Court finds that a redacted version must be filed**. The restricted version will remain on the docket and available for the Court's review.

7. Exhibit 15 [#112-7]

Exhibit 15 [#112-7] is a two-page medical chart which explains that Plaintiff has a yeast infection and continues to test positive for trichomoniasis and bacterial vaginosis. It identifies the medications prescribed to treat these conditions. Plaintiff argues that redactions are impracticable because the exhibit is Defendant's documentation of a lab review at-issue, which should be viewed in its entirety. *Motion* [#141] at 9.

Plaintiff first fails to properly articulate why redactions are impracticable. *See* D.C.COLO.LCivR 7.2(c)(4). Nonetheless, restriction is not warranted. First, Plaintiff disclosed all this information—her diagnoses of trichomoniasis, bacterial vaginosis, and yeast infections—through her pleadings, as discussed earlier in this Order. Second, these medical conditions, which Plaintiff allegedly experienced prior to her knowledge of her HIV diagnosis, lie at the core of her case. While the Court concedes that Plaintiff has some privacy interest in her medical records, that privacy interest is voluntarily compromised when she brings claims placing her medical condition squarely at issue. *See Hill*, 2016 WL 8925432, at *8. Therefore, **the Court finds that restriction of Exhibit 15 [#112-7] is not warranted.**

8. Exhibit 17 [#112-8]

Exhibit 17 [#112-8] is a 15-page document which reflects Plaintiff's visit with Debra Reilly in March 2021. The details from this visit demonstrate that, at the time, Plaintiff was informed of her HIV diagnosis. It also contains Plaintiff's detailed lab results from LabCorp, information regarding Plaintiff's complaints about miscellaneous symptoms, and describes Plaintiff's menstrual cycle, medical and family history, and the condition of some of her body parts. Plaintiff argues that redactions are impracticable because this document is a record of various encounters that lie at the core of this case and should

therefore be viewed in its entirety. *Motion* [#141] at 9.

While Plaintiff fails to properly articulate why redactions are impracticable, the Court notes that Exhibit 17 [#112-8] appears to describe, in a comprehensive fashion, Plaintiff's medical history, lab results, and her current condition. Furthermore, Exhibit 17 [#112-8] contains information regarding the medical history of Plaintiff's family members, who have not put their medical information in dispute in this case. *See A&A Appliance, Inc.*, 2025 WL 744608, at *2. Therefore, the Court determines that **Level 1 restriction is appropriate for Exhibit 1 [#112-8].**

9.  Exhibit 18 [#112-9]

This document contains notes regarding Plaintiff's medical visit in March 2021. It includes comprehensive information detailing Plaintiff's medical history, which includes the medical history of her family members. It also describes, in great detail, symptoms Plaintiff was experiencing. Plaintiff argues that redactions are impracticable because this exhibit is Defendant's document of a medical encounter that should be viewed in its entirety. *Motion* [#141] at 9.

Plaintiff fails to properly articulate why redactions are impracticable. *See* D.C.COLO.LCivR 7.2(c)(4). Nonetheless, the Court concedes that the symptoms discussed in Exhibit 18 [#112-9] are, indeed, described in great, and potentially embarrassing detail. Further, Exhibit 18 [#112-9] contains information regarding the medical history of Plaintiff's family members, who have not put their medical information in dispute in this case. *See A&A Appliance, Inc.*, 2025 WL 744608, at *2. Therefore, the Court determines that **Level 1 restriction is appropriate for Exhibit 18 [#112-9].**

B.  **Exhibits to Plaintiff's Response to Defendant's Motion for Partial Summary Judgment [#119]**

Plaintiff seeks restriction of two exhibits attached to her Response to Defendant's Motion for Partial Summary Judgment [#119]. Plaintiff makes the same argument for restriction as she does for the exhibits noted above. Each exhibit is analyzed in turn.

1.  Exhibit 3 [#121]

Exhibit 3 [#121] to Plaintiff's Response to Defendant's Motion for Partial Summary Judgment is the Expert Medical Report of Dr. Lori Roscoe. Nearly half of this document includes Dr. Roscoe's qualifications, experience, testimony list, curriculum vitae, and resume. The remainder of Exhibit 3 [#121] summarizes Plaintiff's various appointments, medical condition, and treatments. Plaintiff contends that redactions are impracticable because "it contains a detailed description of Plaintiff's myriad test results, symptomology, and Defendant's Winn response and treatment thereof, and so it should be viewed in its entirety[.]" *Motion* [#141] at 10.

Here, Exhibit 3 [#121] is cited repeatedly throughout Plaintiff's Response to Defendant's Motion for Summary Judgment [#119]. Additionally, half of Exhibit 3 [#121] contains information that bears no relation to Plaintiff's sensitive medical history, and the Court sees no reason why that information warrants restriction. Furthermore, while the Court recognizes that most of Plaintiff's medical information contained therein is private in nature, she has put her medical condition directly at issue in this lawsuit. While Plaintiff's appointments and symptomology are discussed throughout, the bulk of Exhibit 3 [#121] focuses on the actions and inactions taken by Defendant. Moreover, Plaintiff has divulged much of this information through her pleadings and, in addition, if this matter ultimately goes to trial, Dr. Roscoe would testify publicly to the contents of her expert report. Therefore, **the Court finds that restriction of Exhibit 3 [#121] is not warranted.**

2.  Exhibit 6 [#121-1]

Exhibit 6 [#121-1] is Plaintiff's "Health Problems/Conditions" list, which outlines health issues she experienced while incarcerated. Plaintiff contends redaction is impracticable because this document "is the evidence" which demonstrates that "there was no HIV diagnosis when [Defendant] discovered it and that other problems reflected therein point to untreated HIV." *Motion* [#141] at 10.

Although these conditions and symptoms are sensitive in nature, Plaintiff has nonetheless put her medical condition at issue. In fact, Plaintiff addresses many of the items in Exhibit 6 [#121-1] in her Amended Complaint. *See Am. Compl.* [#51] at 9, ¶ 52 (discussing trichomoniasis and bacterial vaginosis diagnoses); ¶ 55 (discussing syphilis and HIV diagnoses); ¶ 62 (discussing severe yeast infection); ¶ 120 (noting Plaintiff's complaints regarding fungal warts, headaches, and chronic constipation). While the Court concedes that Plaintiff has some privacy interest in her medical records, that privacy interest is voluntarily compromised when she brings claims placing her medical condition squarely at issue. *See Hill*, 2016 WL 8925432, at *8. Therefore, **the Court finds that a redacted version (which redacts the few health problems not cited in Plaintiff's Complaint [#51]) must be filed**. The restricted version will remain on the docket and available for the Court's review.

**C. Remaining Exhibits**

Finally, Plaintiff states she has filed one document with redactions and is retracting her request to restrict certain documents. First, Plaintiff states that Exhibit 9 to Defendant Winn's Motion to Exclude Expert Testimony [#113] has been filed publicly with necessary redactions. *Motion* [#141] at 5. Given that an appropriately redacted version has been made available to the public, the Court finds that **Level 1 restriction is appropriate for Exhibit 9 [#113]**.

Next, Plaintiff explains that two documents no longer necessitate restriction. These documents are (1) Exhibit 3 to Defendant Winn's Motion for Partial Summary Judgment [#112-1] and (2) Exhibit 7 to Plaintiff's Response to Motion for Partial Summary Judgment

Case No. 1:23-cv-00597-PAB-KAS   Document 159   filed 10/07/25   USDC Colorado
pg 8 of 9

[#122-1]. Therefore, the Court finds that **the Level 1 restriction should be lifted with respect to Exhibit 3 [#112-1] and Exhibit 7 [#122-1]**.

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that Plaintiff's Motion [#141] is **granted in part and denied without prejudice in part**.

IT IS FURTHER **ORDERED** that within **14 days of this Order**, Plaintiff shall file redacted versions of the following documents:

- Exhibit 5 to Defendant's Motion for Partial Summary Judgment [#112-2];
- Exhibit 6 to Defendant's Motion for Partial Summary Judgment [#112-3];
- Exhibit 7 to Defendant's Motion for Partial Summary Judgment [#112-4];
- Exhibit 11 to Defendant's Motion for Partial Summary Judgment [#112-6]; and
- Exhibit 6 to Plaintiff's Response to Defendant's Motion for Partial Summary Judgment [#121-1].

IT IS FURTHER **ORDERED** that the Clerk of Court shall maintain Level 1 restriction status of the following documents:

- Exhibit 1 to Defendant's Motion for Partial Summary Judgment, Intake Physical Exam Notes [#112];
- Exhibit 17 to Defendant's Motion for Partial Summary Judgment, Intake Physical Exam Notes [#112-8];
- Exhibit 18 to Defendant's Motion for Partial Summary Judgment, Medical Encounter Notes [#112-9]; and
- Exhibit 9 to Defendant Winn's Motion to Exclude Expert Testimony, Birts' Jail Medical Chart [#113].

IT IS FURTHER **ORDERED** that the Clerk of Court **LIFT** the Level 1 restricted filing status of the following documents:

- Exhibit 8 to Defendant's Motion for Partial Summary Judgment [#112-5];

- Exhibit 15 to Defendant's Motion for Partial Summary Judgment [#112-7];

- Exhibit 3 to Plaintiff's Response to Defendant's Motion for Partial Summary Judgment [#121];

- Exhibit 3 to Defendant Winn's Motion for Partial Summary Judgment, Health Service Request and Status Change History [#112-1]; and

- Exhibit 7 to Plaintiff's Response to Motion for Partial Summary Judgment, CDOC's Clinical Standard on Management of HIV Infection [#122-1].

Even though the Court has declined to restrict certain documents without prejudice and because Plaintiff is ordered to file redacted versions within 14 days of this Order,

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to maintain the Level 1 restricted filing status of the following documents until further order by the Court:

- Exhibit 5 to Defendant's Motion for Partial Summary Judgment, Birts' Appointment List [#112-2];

- Exhibit 6 to Defendant's Motion for Partial Summary Judgment, Intake Physical Lab Result Review [#112-3];

- Exhibit 7 to Defendant's Motion for Partial Summary Judgment, Lab Test Order and Results [#112-4];

- Exhibit 11 to Defendant's Motion for Partial Summary Judgment [#112-6]; and

- Exhibit 6 to Plaintiff's Response to Defendant's Motion for Partial Summary Judgment, Plaintiff's Health Problems/Conditions List [#121-1].

Dated:   October 7, 2025