IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 23-cv-00597-PAB-KAS

KISHA BIRTS,

Plaintiff,

v.

RITA WINN,

Defendant.

---

**ORDER**

---

This matter comes before the Court on defendant Rita Winn, NP's Motion for

Reconsideration of Order Denying Winn's Motion for Partial Summary Judgment

[Docket No. 165]. Plaintiff Kisha Birts filed a response. Docket No. 166. Ms. Winn filed

a reply. Docket No. 168. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

Ms. Birts brings two claims against Ms. Winn. The first claim is brought pursuant

to 42 U.S.C. § 1983, asserting that Ms. Winn was deliberately indifferent to Ms. Birts's

serious medical needs while Ms. Birts was incarcerated in violation of the Eighth and

Fourteenth Amendment of the United States Constitution. Docket No. 51 at 23-25. Ms.

Birts's second claim is for common law professional negligence.[1] *Id.* at 25-27. On

---

[1] Ms. Birts's amended complaint asserted claims against Physician Assistant
("PA") Debra Reilly and the Colorado Department of Corrections ("CDOC"). *See* Docket
No. 51 at 23-25, 27-30. Ms. Birts has settled her claims against Ms. Reilly and CDOC.
*See* Docket No. 94.

October 28, 2024, Ms. Winn moved for partial summary judgment on Ms. Birts's

deliberate indifference claim.  Docket No. 106.  On September 18, 2025, the Court

denied Ms. Winn's motion for partial summary judgment (the "Summary Judgment

Order").  Docket No. 157.  The Court found that there was a genuine issue of material

fact as to whether Ms. Winn scheduled or requested an appointment with Ms. Reilly for

Mr. Birts to receive treatment for her HIV.  *See id.* at 19.  The Court also found it was

disputed whether Ms. Winn communicated to Ms. Reilly that Ms. Birts was HIV positive

and whether, in September 2020, Ms. Winn became aware that Ms. Birts had not been

treated for her HIV and failed to ensure that Ms. Birts received appropriate treatment.

*See id.* at 19-20.  The Court therefore concluded that a reasonable jury could find that

Ms. Winn was deliberately indifferent to Ms. Winn's serious medical needs.  *See id.* at

20.  On March 13, 2026, Ms. Winn filed the instant motion to reconsider the Court's

Summary Judgment Order.  Docket No. 165.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for

reconsideration.  *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858,

861 (10th Cir. 1995).  Instead, motions for reconsideration fall within a court's plenary

power to revisit and amend interlocutory orders as justice requires.  *See Paramount*

*Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing

Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th

Cir. 1962).  To avoid the inefficiency that would attend the repeated re-adjudication of

interlocutory orders, judges in this district have imposed limits on their broad discretion

to revisit interlocutory orders.  *See*, *e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT,

2008 WL 4427087, at *5–6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1–2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order).  Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.  *See Echon v. Sackett*, No. 14-cv-03420-PAB-NYW, 2019 WL 8275344, at *2 (D. Colo. Feb. 12, 2019); *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law"); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.").  Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion."  *Servants of the Paraclete*, 204 F.3d at 1012.

## III.   ANALYSIS

Ms. Winn argues that the Court should reconsider the Summary Judgment Order based on "new evidence," which CDOC did not provide Ms. Winn until February 9, 2026, that "renders undisputed that on March 23, 2020, Winn submitted a kite and then scheduled a corresponding appointment for Plaintiff to meet with PA Reilly in person on March 27, 2020 at 8:00am for follow-up care."  Docket No. 165 at 2 (citing Docket No.

3

165-1).  The "new evidence" is a document entitled "Offender Appointment" submitted by Ms. Winn.  *See* Docket No. 165-1.  Ms. Winn states that the Offender Appointment sheet was not available until February 9, 2026 when "former defendant CDOC informed the parties that it had become aware of records 'responsive to one or more discovery requests to CDOC in the Birts matter that [CDOC] did not previously produce.'"  *See* Docket No. 165 at 2 (quoting Docket No. 165-2 at 3).  CDOC states that it was "not sure" whether the Offender Appointment sheet "existed at the time of the prior response to the request" as "CDOC's eOMIS system [had] since been updated, and CDOC can now generate records that it previously could not."  *See* Docket No. 165-2 at 3.  The Offender Appointment sheet lists an "Appointment Date" of March 27, 2020 at 8:00 a.m.  Docket No. 165-1.  The appointment was for Ms. Birts and was assigned to Ms. Reilly. *Id.*  It has a "Status" of "Completed" as of May 4, 2020.  *See* Docket No. 165-1.  In a section entitled "Inmate Health Issue," Ms. Winn wrote "F/U intake labs, discuss STI screening abnormals."  *Id.*

Ms. Birts argues that the Offender Appointment sheet was available at the time of Ms. Winn's summary judgment motion and is redundant of the evidence that was available at the time of the Summary Judgment Order.  *See* Docket No. 166 at 3.  Ms. Birts also argues that the Offender Appointment sheet does not resolve key issues of material fact that would support entering summary judgment for Ms. Winn on the deliberate indifference claim.  *See id.* at 4-8.

In its Summary Judgment Order, the Court found it undisputed that Ms. Winn submitted a "Health Services Request," also known as a "kite," on March 23, 2020 at 3:49 p.m.  *See* Docket No. 157 at 5.  In the kite, "acuity" was listed as "1-2 weeks" and

Ms. Winn wrote "F/U intake labs, discuss STI screening abnormals." *See id.*  The Court
also found it undisputed that, on May 4, 2020, Ms. Reilly "closed" the kite submitted by
Ms. Winn, and that Ms. Birts's appointment list contained an entry for an appointment
on March 27, 2020 that had a status of "completed." *See id*. at 9.  Thus, the Court finds
that the Offender Appointment sheet does not constitute new information that was
previously unavailable.  The Court already considered the facts contained in the
Offender Appointment sheet in its summary judgment order.

Even if the Court could properly consider this evidence on a motion for
reconsideration, the Court disagrees with Ms. Winn's contention that this evidence
shows that it is undisputed that Ms. Winn "submitted the kite and linked it to the
corresponding follow-up appointment that Winn scheduled for Plaintiff to see Reilly on
March 27, 2020 at 8:00 a.m." *See* Docket No. 165 at 5.  While the Offender
Appointment sheet lists an Appointment Date of March 27, 2020, which suggests that
Ms. Winn either requested or scheduled a March 27, 2020 appointment for Ms. Birts
with Ms. Reilly, other evidence disputes that suggestion.  As the Court found in its
Summary Judgment Order, Ms. Winn's March 23, 2020 kite listed an "acuity" of one to
two weeks and a "target complete date" of April 6, 2020.  *See* Docket No. 157 at 16.
The Court found that Ms. Reilly closed the kite on May 4, 2020, without seeing Ms. Birts
for an in-person appointment, and did not meet with Ms. Birts until March 8, 2021.  *Id.*
From these facts, the Court concluded that a reasonable jury could infer that Ms. Winn
failed to request or schedule a March 27, 2020 appointment, that Ms. Winn delayed the
request or scheduling by seeking an appointment with a target completion date of April
6, 2020, or that Ms. Winn did not schedule or request an appointment at all.  *See id.* at

5

16-17. Thus, the evidence considered at summary judgment, as well as the Offender Appointment sheet, could support a jury finding that Ms. Winn failed to fulfill her role as a gatekeeper by preventing Ms. Birts from "receiving treatment or den[ying] access to someone capable of evaluating [her] need for treatment." *See Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1137 (10th Cir. 2023).

Moreover, the Offender Appointment sheet does not alter the Court's conclusion in the Summary Judgment Order that "a reasonable jury could conclude that Ms. Winn, given her knowledge of the seriousness of HIV, failed to explicitly inform Ms. Reilly of the positive HIV test." *See* Docket No. 157 at 17. In her kite and the Offender Appointment sheet, Ms. Winn merely stated "F/U intake labs, discuss STI screening abnormals." *See id.*; Docket No. 165-1. As discussed in the Summary Judgment Order, there is a factual dispute as to whether Ms. Winn's notes adequately communicated Ms. Birts's positive HIV result. *See* Docket No. 157 at 17. The Offender Appointment sheet and kite did not mention HIV and only referred generally to "STI screening abnormals." *See id.* Viewing the evidence in the light most favorable to Ms. Birts, there is a question of material disputed fact whether Ms. Winn referred Ms. Birts for further treatment. *See Davenport v. Pata*, 2025 WL 1721149, at *5 (10th Cir. June 20, 2025) (holding that the district court erred in granting summary judgment for defendant, a detention center nurse practitioner, because whether defendant "referred" plaintiff "for specialty treatment" of his HIV was a "question of material disputed fact" where defendant pointed "to a note she placed in [plaintiff's] file about making a referral," but it is "undisputed the note had no effect" in commencing the referral).

6

Ms. Winn argues that "the Court's rulings regarding alleged 'conscious disregard' otherwise rely on flawed legal analysis." Docket No. 165 at 2. Specifically, Ms. Winn argues that, even if she did not schedule an appointment and only submitted the kite, "her conduct cannot permit the inference that she knew of yet 'consciously disregarded' Plaintiff's HIV+ test." *See id.* at 7. Ms. Winn contends that the Summary Judgment Order "constitutes reversible legal error" by permitting plaintiff "to pursue a deliberate indifference claim absent evidence of Winn's sufficiently culpable state of mind." *See id.* Ms. Winn relies on *Crowson v. Wash. Cnty.*, 983 F.3d 1166 (10th Cir. 2020), and further argues that the Court erred in its reliance on *Davenport* and *Estate of Taylor v. Denver Health and Hosp. Auth*, No. 23-cv-02355-CNS-KAS, 2025 WL 1952102, at *9 (D. Colo. July 16, 2025). *See id.* at 8-11. Ms. Birts responds that Ms. Winn's reliance on *Crowson* is a "belated attempt to strengthen her summary judgment briefing with authority that was available at the time but omitted" and is distinguishable from this case. *See* Docket No. 166 at 9-10. Ms. Birts also argues that the Court's reliance on an application of *Davenport* and *Taylor* was not clearly erroneous. *See id.* at 10-12.

While a motion to reconsider is a proper means of correcting clear error or preventing manifest injustice, "a motion to reconsider is not to be used as a vehicle for a losing party merely to rehash arguments previously considered and rejected." *Est. of Ronquillo by & through Est. of Sanchez v. City & Cnty. of Denver*, No. 16-cv-01664-CMA-KMT, 2017 WL 7240908, at *1 (D. Colo. Feb. 14, 2017). Furthermore, a party's disagreement with the Court's "application of the law to the facts . . . alone[] is insufficient to warrant reconsideration." *See Jaffrey v. Portercare Adventist Health Sys.*, No. 15-cv-02297-NYW, 2017 WL 3437986, at *2 (D. Colo. Aug. 10, 2017). Here, Ms.

7

Winn seeks to rehash her previous argument that summary judgment is appropriate on the deliberate indifference claim based on the mere act of submitting the kite.  In doing so, Ms. Winn also asks the Court to consider legal authority that she did not present at the motion for summary judgment stage, namely, *Crowson*, and to reconsider the Court's application of the legal principles in *Davenport* and *Taylor*.  *See* Docket No. 165 at 7-8.  Because motions for reconsideration are not proper vehicles to advance these arguments, the Court will deny Ms. Winn's motion.

Moreover, even if the Court considered them, Ms. Winn's arguments are unavailing.  In *Crowson*, the court concluded that the nurse defendant fulfilled his gatekeeping role by "requesting a psychological evaluation of [plaintiff], making notations in [plaintiff's] file, and having discussions with PA Worlton about [plaintiff's] condition."  *Crowson*, 983 F.3d at 1180.  *Crowson* held that "the electronic referral sufficed to fulfill [the nurse defendant's] duty, even if negligently made."  *Id.* at 1180 n.8.  However, unlike Ms. Winn, the nurse defendant in *Crowson* fulfilled his gatekeeper duty by speaking with other providers about plaintiff's condition.  *See id.* at 1180.  In *Davenport,* the court held that there was a distinction between a defendant who merely requests further evaluation by making notations in a plaintiff's file and one who speaks with other providers:

> In *Crowson*, we held that a nurse discharged his gatekeeper duty when he requested a psychological evaluation by placing a note in the detainee's file.  983 F.3d at 1180.  But the nurse also spoke with other providers about the detainee's condition.  *See id.*  *Crowson* thus is distinguishable.

*Davenport*, 2025 WL 1721149, at *5 n.6.  *Davenport* held that the district court erred in accepting as an undisputed fact that the defendant fulfilled her role as gatekeeper where the defendant "point[ed] to a note she placed in [plaintiff's] file about making a

8

referral," but it was "undisputed the note had no effect." *See id.* at *5. Likewise, here, Ms. Winn points to her kite and the Offender Appointment sheet where she noted a follow-up on intake labs was needed and that Ms. Winn's test results showed "STI screening abnormals." *See* Docket No. 165 at 8. Despite knowing that Ms. Birts was positive for HIV, Ms. Winn's notes were not sufficiently specific to alert Ms. Reilly that Ms. Birts tested positive for HIV. Ms. Winn argues that *Davenport* is distinguishable because the defendant there violated a written protocol that was the sole process by which an inmate could be referred for medical care. *See id.* at 10-11. The Court rejects Ms. Winn's narrow reading of *Davenport*. Because the kite, which was not specific regarding HIV, and Offender Appointment sheet failed to inform Ms. Reilly or another provider of Ms. Birts's positive HIV result and need for further treatment, Ms. Winn is not entitled to summary judgment on the deliberate indifference claim.

Ms. Winn disagrees with the Court's citation of *Taylor*, arguing that, in *Taylor,* there was a "medical emergency," while plaintiff's positive HIV result did not "require immediate intervention." *See id.* at 9-10. Ms. Winn contends that the *Taylor* defendant's conduct amounted to a failure to obtain medical assistance, while Ms. Winn submitted the kite that referenced the intake labs and STI abnormals. *See id.* at 9. The Court rejects Ms. Winn's reading of *Taylor* to hold that a medical provider only fails in her role as a gatekeeper where she is responding to a medical emergency or makes no attempt to refer the inmate for further care. Rather, *Taylor* found that a deliberate indifference claim survives summary judgment where there is "sufficient evidence" that the medical provider failed to disclose "critical information" about the inmate's health. *See Taylor*, 2025 WL 1952102, at *9; *cf. Lucas,* 58 F.4th at 1138 ("in the gatekeeping

9

context, where some medical care is present, this court has still evaluated it for sufficiency and whether it is the functional equivalent to a complete denial of care").

Finally, Ms. Winn argues that she is entitled to summary judgment on the deliberate indifference claim regarding Ms. Birts's visit with Ms. Winn in September 2020.  Ms. Winn argues that the Court misapprehended the facts when it found that there was genuine dispute regarding the nature of Ms. Winn's chart review in September 2020.  *See* Docket No. 165 at 13-14.  Ms. Winn also argues that the Court clearly erred because "Winn's September 25, 2020 care does not permit the inference of deliberate indifference as a matter of law."  *See id.* at 14-15.

Ms. Winn does not point to facts that the Court misapprehended, but rather asks the Court to reconsider facts that were available at the summary judgment stage and find instead that there is no genuine dispute.  As stated above, a motion to reconsider is not a vehicle "for a losing party merely to rehash arguments previously considered and rejected."  *See Sanchez*, 2017 WL 7240908, at *1.  For the reasons stated in the Summary Judgment Order, the Court finds that "a reasonable jury could conclude that Ms. Winn was aware, from her chart review, that Ms. Birts had HIV, was exhibiting symptoms that were consistent with untreated HIV, and yet did not refer Ms. Birts to Ms. Reilly or another medical professional who could treat Ms. Birts's HIV."  *See* Docket No. 157 at 19.  Furthermore, Ms. Winn does not identify clear legal error.  Instead, Ms. Winn asks that the Court reconsider the facts and its finding that there is a genuine dispute as

10

to whether Ms. Winn's September 2020 chart review imputed knowledge of a substantial risk to Ms. Birts's health. *See* Docket No. 165 at 14-15.[2]

Because Ms. Winn fails to show an intervening change in controlling law, new evidence previously unavailable, or a need to correct clear error or prevent manifest injustice, the Court will deny her motion to reconsider. *See Servants of Paraclete*, 204 F.3d at 1012.

## IV.    CONCLUSION

Therefore, it is

**ORDERED** that Rita Winn, NP's Motion for Reconsideration of Order Denying Winn's Motion for Partial Summary Judgment [Docket No. 165] is **DENIED**.

DATED April 29, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[2] Because the Court finds that the Offender Appointment sheet does not constitute a ground for reconsideration, the Court does not address Ms. Winn's contention that the Offender Appointment sheet "renders undisputed that Winn lacked actual knowledge on September 25, 2020." *See* Docket No. 165 at 11.

11