**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-00597-PAB-KAS

KISHA BIRTS,

Plaintiff,

v.

RITA WINN,

Defendant.

---

**PLAINTIFF'S THIRD MOTION *IN LIMINE* REGARDING INFLAMMATORY AND
IRRELEVANT CHARACTER EVIDENCE**

---

Plaintiff, by and through undersigned counsel, hereby moves this honorable Court to exclude argument or evidence at trial concerning the following issues.

Conferral: The undersigned conferred with Defendant, who objected to the relief requested.

**INTRODUCTION**

This case involves deliberate indifference and negligence claims against a privately contracted medical provider for the failure to provide proper notice of or referral for HIV while Ms. Birts was incarcerated in 2020 and 2021. Ms. Birts entered the Denver Women's Correctional Facility ("DWCF") in March 2020 with undiagnosed and untreated HIV. Although laboratory results alerting health care professionals to this life-threatening condition were received on March 16, 2020, and reviewed by Defendant Rita Winn shortly thereafter, Defendant Winn never informed Ms. Birts nor her primary care provider of Ms. Birts' diagnosis, and Ms. Birts was consequently without notice or treatment for over a year. During what Ms. Birts describes as a

1

"year of hell," she suffered from severe, unexplained physical deterioration, including opportunistic infections like shingles and treatment-resistant yeast infections, as well as profound psychological distress from unexplained physical deterioration.

Defendant's trial strategy relies on character assassination designed to convince the jury that the formerly incarcerated Ms. Birts is an "unsavory person" whose medical suffering is of less consequence. As documented in the Amended Pretrial Order (Doc. 153), Defendant intends to introduce highly inflammatory and irrelevant evidence, including decades-old gang affiliation, prior substance use, child custody matters, intimate sexual history, and possible collateral consequences against Ms. Winn, as well as a host of inapplicable defenses pursuant to Colorado common law. This evidence serves no purpose other than to prejudice the jury against Ms. Birts and to mislead it.

This Motion seeks to establish the evidentiary boundaries for trial, ensuring the jury assesses the constitutional and professional adequacy of the care provided at the pertinent time rather than the Plaintiff's past character or perceived bad acts. Drawing on Tenth Circuit foundations and Colorado law, Plaintiff argues that significant swaths of proposed evidence must be excluded under Federal Rules of Evidence 403, 404(b), 408, and that the state-law statutory defenses must be limited or excluded as a matter of law.

## LEGAL STANDARD

A motion in limine is a procedural mechanism used to "exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). These rulings "save the parties time, effort and cost in preparing and presenting their cases." *Kovan v. Kim,* No. 22-cv-01258-KAS, 2024 WL 1330121, at *1 (D. Dolo. Mar. 28, 2024) (quoting *First*

*Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000)). The primary filter is Federal Rule of Evidence 403, which empowers the Court to exclude relevant evidence if its "probative value is substantially outweighed by a danger of... unfair prejudice… misleading the jury…or needlessly presenting cumulative evidence." In the Tenth Circuit, "unfair prejudice" means "an undue tendency to suggest [a] decision on an improper basis, commonly... an emotional one." *See, e.g., United States v. Isabella*, 918 F.3d 816, 837 (10th Cir. 2019). Evidence is unfairly prejudicial if it "provokes an emotional response in the jury … wholly apart from its judgment as to [the defendant's] guilt or innocence [or liability] of the crime [or act] charged." *See United States v. Irving*, 665 F.3d 1184, 1213-14 (10th Cir. 2011).

ARGUMENT

### 1. Prior Sexual History and/or Love Interests

During deposition, defense counsel inquired in great detail about Ms. Birts' sexual history, including sexual preferences, sexual habits, sexual behaviors, and sexual partners. A discovery dispute was raised, and Magistrate Judge Starnella permitted the questioning under the theory that information pertinent to the contraction of HIV could be relevant. Defense counsel was able to inquire about these very private matters and no relevant information was revealed; Ms. Birts is unaware of how she contracted HIV or when. However, Defendant appears motivated to again question Ms. Birts on the stand in order to embarrass, harass, and impugn her character in the eyes of the jury (for example, about her anal sex history or sexual partners). As described *supra*, it is irrelevant how Ms. Birts may have contracted HIV at the point she presented to Ms. Winn for

3

intake and lab testing in 2020. Any related evidence, argument, or insinuation should be precluded pursuant to Fed. Rs. Evid. 402, 403.[1]

### 2. Prior Drug History or Drug Use References

Ms. Birts used methamphetamines during periods before her March 2020 incarceration. She obviously did not use drugs while she was incarcerated. She has been clean and sober since 2019, and there is no evidence suggesting otherwise. Defendant appears motivated to introduce evidence regarding Ms. Birts' prior drug use—including but not limited to references in medical records and other sources about drug use—in an attempt to tarnish her character, impugn her credibility, and/or to suggest she is not worthy of requesting fair compensation for the harms caused by Defendant Winn. Drug use, however, has no relevance to the facts of this case or the narrowed scope of damages. Doc. 153 at 4; *United States v. Peet*, 46 F.3d 1152 (Table), 1995 WL 21614, at *3 (10th Cir. Jan. 12, 1995); *see also United States v. Smith*, 156 F.3d 1046, 1054-55 (10th Cir. 1998) (explaining that raising issues of drug use cannot be aimed at "generally attacking" one's character). Admission of such information would risk significant prejudice to Plaintiff due to commonly held stereotypes and negative beliefs about drug users. Accordingly, Plaintiff moves to exclude any reference or insinuation to Ms. Birts' drug use as irrelevant under Rule 402, as prior bad act evidence in violation of Fed. R. Evid. 404, and unfairly prejudicial under Rule 403.[2]

To the extent that Defendant seeks to admit evidence of Ms. Birts' prior drug use as an alternate source of Ms. Birts' emotional distress or risk for cancer, this evidence still should not

---

[1] To the extent Defendant argues that **when** Ms. Birts contracted HIV is relevant, in lieu of the above-described inflammatory evidence being presented, Plaintiff is willing to stipulate that Ms. Birts was HIV-positive in July 2019, but she was not aware of that fact at the time or at any time before March 8, 2021,

[2] This request includes that any admissible records be redacted to remove any references.

be permitted. Not only do none of Ms. Birts' experts connect her drug use to the mental health

damages sought (i.e. suffering from maladies, PTSD, medical mistrust) or risk for cancer, but

neither do any of Defendant's experts (certainly not reliably, scientifically, or otherwise causally

connected).[3] It would be prejudicial to Plaintiff and confusing to the jury to invite the jury to

engage in such uninformed speculation when no witness knowledgeable on such topics would be

able to say the same. *See Salas v. St. Pierre,* No. 2:24-cv-00211-DBB, 2026 WL 905359, at *8 (D.

Utah Apr. 2, 2026) (evidence regarding prior acts or conditions, which implies a causal connection

to plaintiff's damages, requires expert input, or else "the jury would be required to resort to

speculation"). And because there will be no such expert testimony, evidence of Ms. Birts' prior

drug use should not be admitted. Any marginal asserted relevance would be outweighed by the

danger of unfair prejudice. F.R.E. 403.

As noted above, Plaintiff is not seeking damages that could implicate prior drug use.

Plaintiff seeks damages only for the most direct and pertinent timeframe during which she was

incarcerated and suffered uniquely at that time (which then followed her) due to her untreated

HIV-related immune-compromised state.

### 3.  Prior Criminal and/or Incarceration History

Several exhibits in Defendant's exhibit list (including medical records that cite medical

histories, CDOC records, discovery responses, etc.) include references to Ms. Birts' prior

criminal history, including previous arrests, criminal investigations, misdemeanor charges and

convictions, and/or incarceration history. Doc. 170. Such evidence should be excluded, because

---

[3] There are some fleeting references in defense rebuttal reports, but these appear to be reciting/review of the mental health record, or in evaluating other conditions, such as bipolar, which were foundational to Plaintiff's expert IME process and are not expected to be discussed at trial. To the extent Dr. Gill asserts meth use put her at higher risk of HIV, it is immaterial. As described in Plaintiff's First MIL, it is irrelevant how Ms. Birts contracted HIV.

it is irrelevant pursuant to F.R.E. 402 and 608, and because its probative value is outweighed by the likelihood that the evidence will unfairly prejudice the jury pursuant to F.R.E. 403. *See McGill v. Corr. Healthcare Cos.*, No. 13-cv-01080-RBJ-BNB, 2014 WL 6513185, at *1 (D. Colo. Nov 20, 2014); *Casis v. New Mexico Dep't. of Corrs.*, No. Civ. 16-cv-56 JCH/SCY, 2018 WL 4326991, at *8 (D.N.M. Sept. 10, 2018). There is no dispute that Ms. Birts was incarcerated and serving a prison sentence for felony drug possession/distribution during the relevant time period between 2020-2021. Plaintiff agrees to stipulate to the fact that she was convicted of a crime punishable by imprisonment for more than one year. No more than that should be admitted. Any further references or detail should be eliminated as cumulative and prejudicial under Fed. Rs. Evid. 403 and/or 404(b). Evidence of a person's character or a character traits is not admissible for the purpose of proving action in conformity therewith. Fed. R. Evid. 404(b). Introduction of further information would be a thinly veiled attempt to dirty Mr. Birts' character in order to bias the jury and encourage it to make improper assumptions about those who have committed, been arrested for and/or convicted of crimes, as well as to limit the scope, type, or quantity of damages such people "deserve." *See* Fed. R. Evid. 403. Any stray references or insinuations to elicit conduct, paraphernalia, associates, or other related behavior should similarly be precluded (and/or redacted in admissible records). Fed. Rs. Evid. 402, 403. *And see infra,* regarding gang associations.

### 4.   Child Custody Issues, Struggles, and/or Related Legal Actions

Ms. Birts candidly testified in deposition about losing custody of her children for a period of time, related to her battle with drug use and the criminal investigations and implications that followed. This principally occurred in 2017, but a very limited aspect of these overlaps with the

period at issue because her children were in the custody of another caretaker when she was incarcerated in 2020 and 2021. This is, of course, the case for all incarcerated plaintiffs with children. She has since regained custody of her children after showing that she could provide a stable home and care for her children in numerous ways. However, Defendants seek to introduce evidence and question Ms. Birts about this history in order to suggest that she is unfit, uncaring, or to otherwise impugn her character today.

Defendant's counsel has indicated an intent to elicit testimony about this as an alternative explanation for Ms. Birts' emotional distress, in attempt to displace that which will be described as being caused by the torturous year she physically suffered in an immunocompromised state as her body fell apart. Ms. Birts was, of course, upset about losing custody of her children, as any parent would be. But the immediate emotional distress resulting from the removal of her children happened long before the incarceration period, and the two types of emotional distress are not similar, nor interchangeable. It is a stretch to suggest Ms. Birts emotional suffering from the physical impacts was really just continuing effects of her being upset about that. Any potential relevance of this information is greatly outweighed by the prejudice it is likely to impose on Ms. Birts for a jury to learn of the custody battles and related struggles in Ms. Birts' past.

Details of interactions with Child Protective Services (CPS) are among the most inflammatory pieces of evidence a jury can hear. Allowing the defense to delve into the removal of Ms. Birts' children would improperly evoke the anger or punitive impulse of the jury against her. *See Jones v. Est. of Brady,* No. 10-cv-00662-WJM-BNB, 2012 WL 255794, at *6 (Han. 27, 2012) (quoting *U.S. v. Nevels,* No. 04-cr-00417, 2006 WL 5217629, at *3 (D. Colo. Jan. 25, 2006)) ("evidence should not be admitted if there is a genuine risk that it will prompt the emotions of the

7

jury to lead it to irrational behavior"). Such evidence of prior bad acts should be excluded because it is irrelevant to the issues for trial, would be materially prejudicial (due to unfair stereotypes held about such issues and/or involved parents), and would likely encourage biased decision-making about the worthiness of Ms. Birts to seek a remedy for the harms and damages she suffered. F.R.E. 402, 403, 404(b).

### 5.  Stale, Prior Gang Affiliation and Related References

Ms. Birts testified in deposition that she had been associated with a gang at age thirteen, until she became an adult, and was able to extricate herself at age twenty-three. Ms. Birts testified this affiliation ended approximately 20 years ago when she "grew up." She is now forty-four years old. She has long moved away from those influences, has no further connection to the gang, and is no longer known by her gang name. A prior Facebook page—using Ms. Birts' gang name and identified by Defendant in a set of exhibits from 2018—is not hers, nor is it under her control, as she testified at her deposition. More importantly, any purported gang status, use of past nicknames, or other evidence or references are completely irrelevant to the claims at issue. *See* Fed. R. Evid. 402. Nevertheless, Defendants have marked exhibits with such information for admission (*see, e.g.* Doc. 170 at 7-8). Such information has no relevance to the claims at issue and would be used to impugn her character, encourage bias, and/or to suggest that she is not worthy of seeking monetary relief or damages. *See* Fed. Rs. Evid. 403, 404(b). Gang evidence is inherently prejudicial and triggers deep-seated societal biases that suggest a person's life is of less value or that they are less deserving of medical treatment. *See U.S. v. Brown*, 288 F.App'x. 518, 523-24 (10th Cir. 2008) (gang membership not admissible where, unlike in criminal conspiracy cases, there are no factual issues for jury to determine

regarding litigant's connections to alleged gang members). Any possible relevance would be substantially outweighed by the danger of unfair prejudice, as jurors would be likely to be influenced by bias, stereotype assumptions, and commonly held negative beliefs about such people. *See id.* at 224; Fed. R. Evid. 403. Any introduction of the Facebook page purporting to be hers would create another sideshow about the profile hack and unsuccessful attempts to shut down the profile and other immaterial issues.

### 6.  Lack of Work History, Evidence of Poverty, and/or Receipt of Public Benefits

Due to her socioeconomic status and incarceration history, Ms. Birts has significant gaps in work history, has spent long periods in poverty, and has at times received public benefits for her and her children through Medicaid and other state or local agencies. Defendant, as indicated by the information elicited throughout discovery, is motivated to introduce evidence pertaining to these gaps, destitution, and government benefits that Ms. Birts has received.  The Tenth Circuit treats payments from the public treasury, including Medicaid, as from a collateral source, which Defendants do not get to use to offset Plaintiff's damages. *See, e.g., Green v. Denver & Rio Grande Western R. Co.*, 59 F.3d 1029, 1032-33 (10th Cir. 1995). Also, Plaintiff is not seeking any economic damages for medical bills.

Introduction of evidence pertaining to Ms. Birts' receipt of government or social benefits will be unfairly prejudicial, as it will indisputably have the effect of drawing attention to the fact that Ms. Birts is of a lower socioeconomic status. *Olsen v. Owners Ins. Co.,* No. 18-cv-01665-RM-NYW, 2022 WL 1791098, at *2 (D. Colo. 2022); *see also United States v. Socony-Vacum Oil Co.*, 310 U.S. 150, 239 (1940) ("[A]ppeals to class prejudice are highly improper and cannot be condoned and trial courts should ever be alert to prevent them"); *Garcia v. Sam Tanksley Trucking,*

*Inc.*, 708 F.2d 519, 522 (10th Cir. 1983) ("Reference to wealth or poverty of either party […] is an improper argument"). Because evidence pertaining to Ms. Birts' socioeconomic status and receipt of benefits is not relevant to the claims at issue in this case and because its introduction would be unfairly prejudicial, any evidence or references should be excluded from trial pursuant to Rule 402 and Rule 403.

### 7. Potential Collateral Consequences to Defendant Winn and/or the "Stress of the Case" on Defendant Winn

Defendant's counsel has articulated an intent to argue that an adverse verdict will lead to the loss of Defendant Winn's career, to a medical board investigation, or to professional "ruin." Such evidence is entirely irrelevant to the issue of whether her care for Ms. Birts met the constitutional or professional standard. Under Rule 403, such appeals to the jury's sympathy for the "beleaguered professional" are highly prejudicial. *See Cole v. Bertsch Vending Co., Inc.*, 766 F.2d 327, 334 (7th Cir. 1985) ("Requesting sympathy for a defendant is improper especially where such argument may have a prejudicial impact on the result.").

The collateral consequences of a judgment—such as any insurance or regulatory requirement that a medical malpractice judgment be reported to the state medical board—are not "facts of consequence" in determining whether Defendant Winn was deliberately indifferent or negligent. *See* Fed. R. Evid. 401. In *Rush v. Hamdy*, the court found that contentions by defense counsel that a defendant doctor's reputation was "on the line" and "at stake" were inappropriate and constituted a reversible error because "reference to the impact of an adverse verdict upon a defendant's professional reputation is improper as it interjects an improper element into the case and is little more than an appeal to the passions and sympathy of the jury." 627 N.E.2d 1119, 1123 (Ill. App. Ct. 1993). The Tenth Circuit has consistently affirmed the exclusion of evidence that

invites a jury to decide a case based on an improper reason, such as an emotional response to a party's personal hardship. *See, e.g., Isabella,* 918 F.3d at 837. Informing the jury that NP Winn might face disciplinary actions or the revocation of privileges or be reported to the Board pursuant to C.R.S. § 12-36-118(4)(b)(III) serves no purpose other than to evoke the anger or punitive impulses of the jury *against* the Plaintiff for pursuing a claim that could harm the Defendant's livelihood. *See Jones*, 2012 WL 255794, at *6. Mandatory reporting is an administrative consequence of the legal process, and it is fundamentally unfair to let the jury consider this regulatory burden as a reason to mitigate liability. Such information derails the trial proceedings by shifting the focus from medical standards to professional survival. F.R.E. 402, 403.

Defendant's purported litigation and/or trial "stress," "worry," or "fear" are also not facts of consequence, and they inappropriately seek to invite the jury to harbor bias against Ms. Birts and should be precluded. F.R.E. 402, 403.

Furthermore, a defendant's wealth or poverty has no bearing on the measure of compensatory damages, which are intended to indemnify the injured person for the loss suffered. *See Garcia*, 708 F.2d at 522; *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003). Permitting the Defendant to plead poverty or suggest she is uninsured would unfairly prejudice Plaintiff by inviting the jury to reduce its award based on Defendant's perceived pocketbook rather than Plaintiff's actual suffering. Furthermore, Defendant Winn is insured, and the defense of this case has been paid for with proceeds of that insurance policy, which compounds the risk of misleading the jury with any related assertion or insinuation. Any such information or argument should be excluded pursuant to Federal Rules of Evidence 402 and 403.

**8. Evidence of Defendant Winn's Good Character**

11

Defendant intends to elicit testimony about prior "good acts" she has performed in the course of her work as nurse and "good beliefs" she purportedly holds (such as a desire to work in and help certain marginalized persons). She also intends to introduce evidence from her personnel file, including commendations, awards, previous positive performance reviews she has received, and other matters that are not relevant or at issue. *See* Fed. R. Evid. 402. Just as prior bad acts are not permitted to show character in conformity therewith under Rule 404(b), corollary "good acts" are not permitted to suggest conformity therewith either. *See* Fed. R. Evid. 404(a)(1); *see also United States v. Dextradeur,* No. 23-cr-00387-CNS, 2025 WL 588348, at \*2 (D. Colo. Feb. 24, 2025) (collecting cases) (excluding as both irrelevant impermissible character evidence, evidence that a defendant medical provider had provided good care to patients who were not the harmed party in question). Any such evidence should be precluded during trial to prevent distraction, waste of time, misleading the jury, and improper prejudice/bias. Fed. R. Evid. 403; *see also Rocky Mountain Helicopters, Inc. v. Bell Helicopters Trexton,* 805 F.2d 907, 917 (10th Cir. 1986) (character evidence, "in civil cases, is not admissible for the purpose of proving that a person acted in conformity therewith on a particular occasion… because character evidence is generally regarded as being of slight probative value and potentially very prejudicial").

## CONCLUSION

For the reasons stated above, Plaintiff Kisha Birts respectfully requests that this Court grant her Motion *in Limine* on the above-identified issues. The trial must focus on the professional and constitutional adequacy of the care provided during the relevant timeframe in 2020-2021, not on irrelevant lifestyle, character, or bad act evidence; nor on the collateral consequences for the professional, or legally improper statutory defenses.

12

Respectfully submitted this 15th day of May, 2026.

*s/ Raymond K. Bryant*

Raymond K. Bryant
Civil Rights Litigation Group, LLP
1543 Champa St., Suite 400
Denver, CO 80202
Phone: (720) 515-6165
Fax: (720) 465-1975
raymond@rightslitigation.com

Aurora L. Randolph
ALR Civil Rights LLC
9878 W. Belleview Ave., Ste. 2129
Denver, Colorado 80123
(303) 968-1703
aurora@alrcivilrights.com

*Attorneys for Plaintiff Kisha Birts*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of May, 2026, a true and correct copy of **PLAINTIFF'S SECOND MOTION IN LIMINE REGARDING INFLAMMATORY AND IRRELEVANT CHARACTER EVIDENCE** was electronically sent to the following:

Kari Hershey
Brenna Shannon
Hershey Decker Drake
10463 Park Meadows Drive, Suite 209
Lone Tree CO 80124
303-226-1680 direct
720-435-6509 cell
kari@hersheydecker.com
brenna@hersheydecker.com
*Attorneys for Defendant Rita Winn, NP*

*s/ Raymond K. Bryant*_____