IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00597-PAB-KAS

KISHA BIRTS,

    Plaintiff,

v.

RITA WINN,

    Defendant.

---

## AMENDED PRETRIAL ORDER

---

## 1.   DATE AND APPEARANCES

A Pretrial Conference was held July 14, 2025 at 9:30 a.m., at the Alfred A. Arraj United

States Courthouse, Courtroom A501, in Denver, Colorado before the Honorable United States

Magistrate Judge Kathryn A. Starnella. Appearing for the parties are:

Raymond K. Bryant
Civil Rights Litigation Group, LLP
1543 Champa St.
Denver, Colorado 80210
(720) 515-6165
raymond@rightslitigation.com

Aurora L. Randolph
ALR Civil Rights LLC
9878 W. Belleview Ave.
Ste. 2129
Denver, Colorado 80123
(303) 968-1703
aurora@alrcivilrights.com

*Attorney for Plaintiff*

Kari Hershey
Hershey Decker Drake
10463 Park Meadows Drive, Suite 209
Lone Tree CO 80124
303-226-1680 direct
720-435-6509 cell
kari@hersheydecker.com

*Attorney for Rita Winn, NP*

1

## 2.    JURISDICTION

Plaintiff asserts that jurisdiction is proper under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and § 1367. Plaintiff asserts venue is proper under 28 U.S.C. § 1391(b) because the incident complained of occurred in the State of Colorado. Plaintiff asserts that jurisdiction supporting the Plaintiff's claim for attorney's fees and costs is conferred by 42 U.S.C. §§ 1988 and 12205.

NP Winn asserts that Plaintiff's Section 1983 claim should be dismissed on summary judgment, and the Court may decline supplemental jurisdiction over the remaining state law claim. 28 U.S.C. §1367(c)(3). NP Winn asserts that there is no support for attorney fees.

## 3.    CLAIMS AND DEFENSES

### a.    *Plaintiff*:

This is a civil rights action seeking damages for deliberate indifference to Ms. Birts' serious medical needs and negligent medical care, while she was housed in the Denver Women's Correctional Facility ("DWCF") from March 2020 to December 2021. Unknowingly, Ms. Birts entered DWCF with human immunodeficiency virus ("HIV") and syphilis. Lab tests taken upon intake revealed to Defendant Winn, a contracted medical provider at DWCF, that Ms. Birts was positive for HIV and syphilis. However, despite receiving and being responsible for those lab results, Defendant Winn failed to inform or treat Ms. Birts for those conditions, failed to document that she had HIV, failed to alert other medical providers to the conditions, and failed to take action pursuant to mandatory CDOC policies, procedures, and other duties. As a result, Ms. Birts was left vulnerable to opportunistic infections for a year while the HIV infection compromised her immune system, leading to needless additional ailments, exacerbation of medical conditions, pain and suffering, and emotional distress.

Over the first six months after Defendant Winn was aware of the HIV but failed to report it, Ms. Birts exhibited a number of "red flags for an untreated immunocompromised status" including: a lengthy history of treatment-resistant yeast and fungal infections (navel, vaginal, and mouth); unexplained shingles; fevers, anal warts, and other conditions that made Ms. Birts feel like her body was falling apart without explanation. She suffered debilitating emotional distress and depression. She repeatedly submitted kites and sought treatment from the medical officials including Defendant Winn. But the conditions did not respond to normal antibiotics or conventional treatments – because of her compromised immune system. And her psychological distress did not meaningfully improve. In September of 2020, Defendant Winn received at least one of these kites directly, informing her of one of these obvious red flags – recurring yeast infections that were resistant to treatment. At that time, Defendant Winn reviewed Ms. Birt's medical chart and saw that she had a history that would have alerted any reasonable medical provider to her immunocompromised condition, in addition to Winn's personal knowledge about Birts' HIV from prior labs. Defendant Winn saw that neither she nor anyone else had put HIV on Ms. Birts' health history list, nor had she been treated for HIV. Yet, Defendant Winn failed to take reasonable action, again, in the same ways, and left Ms. Birts to continue suffering without notification, communication, or treatment until it was incidentally discovered by a supervisor in March of 2021. Ms. Birts was finally permitted to see an HIV specialist and get medication in April of 2021, but significant physical and emotional damage had already been caused.

Ms. Birts seeks non-economic damages for the physical and emotional harms she suffered during this "year of hell" she experienced, which caused her to feel "tortured" by the

3

effects of the untreated HIV on her body, and which are described in greater detail in discovery responses, medical records, and expert reports. The untreated HIV also made Ms. Birts more susceptible to cancer, and she has and continues to be in fear and at risk of cancer and decreased life-expectancy. Recent monitoring revealed pre-cancerous polyps that had to be removed.[1] Furthermore, Ms. Birts felt such extreme and intense fear about the unknown conditions ravaging her body that she felt like she was going to die, and, at times, became suicidal. She has been diagnosed with anxiety, depression, and PTSD, and has required medical and psychiatric care that is ongoing.[2]

### b. Defendant:

Ms. Birts was hospitalized in May 2019 for suspected pelvic inflammatory disease (PID) and tested positive for gonorrhea, but was not tested for HIV. In July 2019, Ms. Birts was hospitalized again and tested positive for gonorrhea and HIV. She left the hospital against medical advice before receiving her test results. She then failed to respond to multiple outreach attempts by the hospital and Colorado Department of Public Health and Environment (CDPHE) via phone, text message, and at her residence between July – August 2019. Notably, HIV results could only be communicated in person at the time; but when CDPHE finally made contact with Ms. Birts, and notified her that critical medical information needed to be shared, Ms. Birts declined to meet.

---

[1] Records have been requested from her provider and are forthcoming.

[2] Following Defendant's request for more clarity at the Pretrial Conference, Plaintiff narrowed her damages to non-economic harms within more limited timeframes, and provided maximum estimates anticipated for trial.

Ms. Birts was arrested in late August 2019 and detained at El Paso County jail. She declined testing for HIV and also declined to authorize the release of her hospital records – including those showing HIV – to El Paso medical staff.

Ms. Birts entered CDOC on March 12, 2020 and had routine intake labs drawn, including testing for HIV, before transferring to Denver Women's Correctional Facility (DWCF). On March 16, 2020, NP Winn performed Ms. Birts' intake physical, however, intake lab results were not yet available for review. NP Winn completed the intake physical according to DWCF practices, which including additional testing for pap/HPV and other sexually transmitted infections. NP Winn reviewed the results of all tests on March 23, 2020, including positives for trichomoniasis and HIV-1, and reactivity for syphilis with a confirmatory test demonstrating Ms. Birts did not have active syphilis.

NP Winn directed nursing staff to provide treatment for the trichomoniasis infection and submitted a health services request (a/k/a kite) that Ms. Birts be seen for an in-person appointment with her primary care provider, Debra Reilly, PA. She personally scheduled an appointment for Birts to meet with PA Reilly on March 27, 2020, and documented it twice in the medical record.  She sent a written medical message telling Ms. Birts to check the appointment board daily for a follow-up appointment. At DWCF, positive HIV test results are required to only be communicated in person.

CDOC and DWCF had no written protocols applicable to the situation where intake lab results are unavailable at the time of intake. Instead, a healthcare professional is expected to use reasonable judgment when responding to later received lab results requiring follow-up care; and DWCF teaches its providers that it is reasonable to complete follow-up themselves, or defer the

follow-up to the patient's assigned primary care provider. NP Winn deferred follow-up to Ms. Birts' assigned primary care provider, PA Reilly, because she had nearly 2 decades of experience at CDOC and was responsible for Ms. Birts' primary and chronic care needs.

Executive Orders related to Covid were issued on March 25, 2020, including lock down orders. Ms. Birts was not seen by PA Reilly for her scheduled appointment. Additionally, as a result of the lock down order in March 2020, CDPHE suspended all field activities including outreach to incarcerated individuals such as Ms. Birts, and CDOC did not allow visitors. As a result, neither PA Reilley nor CDPHE notified Ms. Birts of her HIV test result.

On May 4, 2020, PA Reilly reviewed the kite placed by NP Winn, but did not review Ms. Birts' intake lab results as directed. PA Reilly also did not see Ms. Birts in person as requested by the kite, and instead prescribed additional medication related to Ms. Birts' persistent trich infection. PA Reilly then "closed out" the kite. NP Winn was not informed that the appointment and kite were misaddressed.

PA Reilly's error was discovered in early March 2021, and she diagnosed Ms. Birts with HIV during an in-person appointment on March 8, 2021. PA Reilly completed all related follow-up care for Ms. Birts within the month, and her HIV care was managed by PA Reilly and infectious disease specialist Victor Nwanguma, MD as of April 2021.

Plaintiff asserts a federal claim for deliberate indifference to her medical needs and a common law claim for professional negligence. Plaintiff cannot show that Ms. Birts was deliberately indifferent for the reasons outlined in NP Winn's motion for summary judgment. Plaintiff has provided no medical evidence of injuries or damages *caused by a delay in medical treatment for HIV-1 or syphilis.* Notably, both parties' experts agree that Ms. Birts

never had an active syphilis infection, and that she exhibited symptoms of HIV as early as March 2018, two (2) years prior to entering CDOC. Accordingly, claimed injuries must be must be extricated from any injuries or damages existing prior to her incarceration.

Similarly, Ms. Birts' claims must be analyzed in the context of her failure to act on reasonable medical advice. Birts did not get set up with a PCP as directed after May 2019, actively dodged attempts by providers and CDPHE to communicate with her, and refused to provide medical information that would have disclosed her test results. In sum, Ms. Birts failed to act on numerous opportunities she had to respond to reasonable medical advice, all of which would led to earlier treatment of her HIV.

Ms. Birts' comorbidities and history of drug abuse and involvement in dangerous circumstances must also be considered when assessing her claimed damages. Ms. Birts claims non-economic damages for disordered eating, headaches, depression, and PTSD. Yet, Ms. Birts has been morbidly obese since she was a teen, and she had preexisting asthma, (pre) diabetes, teeth abscesses, sleep apnea, chronic incontinence, anal warts, infections and "chronic daily headaches well before her incarceration. There is no medical evidence demonstrating that any of these symptoms and conditions are caused by *delay* in treatment for HIV-1 between March 2020 – March 2021. Similarly, Ms. Birts' alleged PTSD was self-reported, and is remarkable given her other life events to include an armed standoff, removal of her children, and armed drug deals. Providers repeatedly document that Ms. Birts' claimed symptoms such as headaches, incontinence, diabetes, and skin infections, are *unrelated to* HIV.

NP Winn provided reasonable and appropriate care, consistent with her role, and consistent with CDOC and DWCF training and practices. Plaintiff cannot demonstrate that she

suffers damages caused by any purported breach of care by NP Winn. Plaintiff has settled with PA Reilly and CDOC.

NP Winn asserts as defenses that: Plaintiff's claims may be barred by the statute of limitations; Plaintiff fails to state a claim upon which relief can be granted; Plaintiff's claims are barred or limited by qualified immunity; Plaintiff's claims are limited by the Health Care Availability Act, C.R.S. §13-64-101 *et seq.*; Plaintiffs' claims for damages are reduced or barred by the provisions of §13-21-102.5, C.R.S. (limitations on damages for noneconomic loss or injury), and §13-64-302, C.R.S., *et. seq.* (limitation on liability-interest on damages); liability, if any, is limited pursuant to C.R.S. §13-21-111.5 (pro rata liability); Plaintiff had pre-existing conditions, which caused the claimed injuries and damages; Plaintiff's damages may be the sole and proximate result of a subsequently occurring condition or intervening cause; Plaintiff's claims are barred or reduced by the provisions of §13-21-111, C.R.S. (comparative negligence); and Plaintiff's injuries and damages, if any, may be the result of failure to follow reasonable medical advice and instruction, C.R.S. §13-21-111.7 (assumption of risk). Plaintiff's claims are limited by protections with respect to the Covid-19 pandemic and its effect on correctional healthcare and operations, including *but not limited to* those arising under the Colorado Disaster Emergency Act, C.R.S. §24-33.5-701 *et seq.* (and, more specifically, C.R.S. §24-33.5-711.5(2)), and the federal Public Readiness and Emergency Preparedness Act (PREP Act), C.R.S. 42 USC §247d-6d. Additionally, damages complained of may have been caused by the acts or omissions of others including Plaintiff, settling parties including CDOC and PA Reilly and non-parties, over whom NP Winn had no control, nor right of control; Plaintiff failed to mitigate damages as required by law; and Plaintiff's claimed damages are unreasonable and legally unsupported.

Judgment, if any, is subject to reduction for collateral source payments pursuant to §§13-21-111.6 and 13-64-402, C.R.S.; and to the extent Plaintiff is claiming economic damages, she may not be the real party in interest to all of the claims set forth in the Complaint.

NP Winn objects to and disputes Plaintiff's claimed damages. Plaintiff previously sought damages for "physical pain, illness and suffering, TBD by jury"; "Short and long-term physical impairments, disability, neurological injury and other medical complications caused by the untreated medical conditions, TBD by jury"; "Emotional distress, humiliation, personal indignity, embarrassment, fear, anxiety, and anguish, TBD by jury"; "Other economic damages, to include: (i) Past medical bills (approximately $5,000-$10,000), (ii) future medical bills, TBD; and (iii) Other miscellaneous costs and inconvenience, TBD"; "Punitive damages, TBD by jury"; and damages "as otherwise articulated in the Complaint, including costs, expert fees, pre- and post-judgment interest, and attorneys' fees, etc." Plaintiff provided no computation of damages pursuant to F.R.C.P. 26(a)(1)(A)(iii) during discovery, which closed on April 18, 2024 (non-experts) and September 25, 2024 (experts).

During the pretrial conference, NP Winn sought to verify her understanding of the law that Plaintiff could not request any specific damages numbers that had not been disclosed and Plaintiff represented that Plaintiff's damages had been pared down. Plaintiff then purported to "supplement" damages on August 7, 2025 including:

- Economic damages, including:
  - Physical pain and suffering, illness, and exacerbation of HIV condition, TBD by jury (up to $1,000,000)
  - Physical/medical harms related to immunocompromised condition, including susceptibility to opportunistic disease, recurring infection, illness, exacerbation, and medical complications during the timeframe Ms. Birts remained incarcerated and untreated for HIV, TBD by jury (up to $1,000,000)
  - Increased susceptibility to cancer, requiring lifelong additional monitoring and

> screening, and decreased life-expectancy, TBD by jury (up to $5,000,000)
> - Emotional distress, including PTSD, anxiety, depression, humiliation, personal indignity, embarrassment, fear, anguish, and trust issues related to medical providers, TBD by jury (up to $5,000,000)

- Other miscellaneous inconveniences associated with medical appointments, treatment, care, and monitoring, TBD by jury (up to $100,000)

- Punitive damages, TBD by jury (up to $100,000,000)

- As otherwise articulated in the Complaint, including costs, expert fees, pre- and post-judgment interest, and attorneys' fees, etc.

Plaintiff's "supplemental disclosure" is untimely and prejudicial. Although Plaintiff represents that Plaintiff now seeks damages only for noneconomic harms, damages for "monitoring and screening" and "miscellaneous inconveniences" are economic costs for which Plaintiff has not provided a computation or supporting evidence. Notably, figures for damages claimed were reasonably available to Plaintiff during discovery; but now, NP Winn is unable to investigate the basis for Plaintiff's request for damages **in excess of $110 million dollars.** Consequently, NP Winn asserts that Plaintiff should be permitted to request only those non-economic damages originally disclosed, and prohibited from introducing a damages figure at trial.

NP Winn reserves the right to add or delete any affirmative defenses and statutory limitations, as investigation or trial progresses, and as permitted by the Federal Rules of Civil Procedure.

### 4.    STIPULATIONS[34]

---

[3] Plaintiff believes additional stipulations are likely possible and sought further telephone conferral to discuss disputed word choices, but lead defense counsel declined to participate in any telephonic conferrals.

[4] Defendants dispute Plaintiff's ongoing narrative about conferrals.  Defense counsel spent more than 4 hours via telephone conferring with Plaintiff on proposals, and provided additional written conferral, further conferral is not productive.

1.    Plaintiff Kisha Birts was incarcerated in the Colorado Department of Corrections ("CDOC") from March 12, 2020 to December 22, 2021. Ms. Birts was housed at the Denver Women's Correctional Facility (DWCF).

2.    Healthcare providers who work at DWCF include licensed physician assistants ("PAs") and nurse practitioners ("NPs").

3.    Defendant Rita Winn is a licensed Nurse Practitioner ("NP").

4.    Debra Reilly is a licensed Physician Assistant ("PA").

5.    Pursuant to CDOC's intake processes, on March 12, 2020, blood was drawn from Ms. Birts for intake laboratory testing.

6.    Standard intake labs included testing for communicable diseases, such as HIV.

7.    On March 16, 2020, at 9:26 am, NP Winn performed an intake physical examination with Ms. Birts.

8.    The results of the intake labs were not yet available for review at the time the intake physical was performed.

9.    On March 8, 2021, PA Reilly told Ms. Birts that she had a HIV positive result on her intake labs.

10.    The following medical records are authentic:[5]

    CDOC medical records (BIRTS 89-516 and CDOC/BIRTS 10-849).

    Comfort Dental Citadel (Birts 3406-16)

    Penrose Hospital (Birts 613-1219, 1555-2266)

    El Paso County Jail (Birts 4595-947, Winn Response 12-190)

## 5.   PENDING MOTIONS

1.    Plaintiff submitted a Renewed Motion to Restrict Access (Doc. 141) to certain medical records and medical information pertaining to Plaintiff that were included as exhibits in the parties' MSJ and 702 briefing. That motion was fully brief on May 22, 2025, and is currently pending.  **The Court adjudicated that Motion to Restrict on October 7, 2025. *See Minute Order* [#159].**

---

[5] Parties reserve the right to object to the admissibility of records at trial.

11

**\*The parties have filed several motions in limine, which are pending.** *See Motions in Limine* **[#175, #176, #177, #178, #179, #180, #181, #182, #183]**

2.   Defendant's Partial Motion for Summary Judgment (Doc. 106) was fully briefed on March 17, 2025, and is currently pending. **\*The Partial MSJ was adjudicated on September 18, 2025.** *See Order* **[#157].\***

3.    Defendant's Rule 702 Motion (Doc. 107) was fully briefed on February 4, 2025, and is currently pending. **\*The Rule 702 motion was adjudicated on September 18, 2025.** *See Order* **[#158].**

### 6.    WITNESSES

**PLAINTIFF'S WITNESSES:**

a.   **Non-Expert Witnesses:**

   i.   Plaintiff's Witnesses who will be present at trial:

   1.   Kisha Birts, c/o Raymond K. Bryant, Civil Rights Litigation Group, PLLC, 1543 Champa St., Suite 400, Denver, CO 80202, (720) 515-6165, raymond@rightslitigation.com.  Ms. Birts is the plaintiff in this case.  She is expected to testify regarding the claims and defenses in this case, including her own experience regarding her medical condition and treatment at the times relevant to this case, damages, etc.

   2.   Rita Winn, c/o Kari Hershey, Hershey Decker Drake, PLLC, 10463 Park Meadows Drive, Ste. 209, (720) 535-8593, kari@hersheydecker.com.  Ms. Winn is a defendant in this case.  She is expected to testify regarding the claims and defenses in this case, including her experience as a treating medical provider for Ms. Birts and in the Colorado Department of Corrections.

   3.   State of Colorado, Department of Corrections ("CDOC"), including relevant 30(b)(6) Representative(s). Ms. Birts was incarcerated in a CDOC facility during the pertinent timeframe relevant to the claims at issue. Representatives of the State of Colorado and/or CDOC are expected to testify regarding the policies, procedures, practices, and training of the facility; medical care provided within the facility; Defendant Winn and

other medical provider roles, duties, responsibilities, and assignments within the facility; Ms. Birts' time within the facility; documentation created within the facility; and any other matter relevant to plaintiff's claims and damages.

ii.  <u>Plaintiff's witnesses who may be present at trial:</u>

1.  WSi, c/o Kari Hershey, Hershey Decker Drake, PLLC, 10463 Park Meadows Drive, Ste. 209, (720) 535-8593, kari@hersheydecker.com. WSi is the private medical provider that employed Defendant Winn while she was contracted to provide medical services for CDOC. It may be called to testify regarding Defendant Winn, Defendant Winn's employment/assignments, work schedule, training, responsibilities, and/or other matters pertaining to the claims and defenses at issue.

2.  Deborah Riley, c/o Office of the Attorney General, 1300 Broadway, 10th Floor Denver, CO 80203. Ms. Riley was a medical provider that served Ms. Birts during her time in CDOC. She may testify regarding her experiences regarding the incident(s) at issue, including but not limited to: her care of Ms. Birts; impediments to her care of Ms. Birts; actions and omissions of Defendant Winn; responsibilities of providers in the facility; responsibilities of medical contractors in the facility; responsibilities of Defendant Winn; policies, procedures, practices, and training of the facility; documentation created within the facility; and any other matter relevant to plaintiff's claims and damages.

3.  Patricia Vandermark, c/o Office of the Attorney General, 1300 Broadway, 10th Floor Denver, CO 80203. Ms. Vandermark was a Health Services Administrator at Denver Women's Correction Facility during times relevant and has information regarding the

claims and defenses in this case, including the treatment of Ms. Birts, discovery of the medical conditions at issue in the case, CDOC documentation, and the conduct of Defendants.

4. Brittany Ritz, NP, current contact information unknown.  Nurse Ritz was a medical provider of Ms. Birts while she was incarcerated by CDOC and a contact of Defendant Winn. She may be called to testify about her relationship with Defendant Winn, experiences with Defendant Winn, or knowledge of Winn and/or other medical providers and their duties and responsibilities at the CDOC facility.

5. Victor Nwanguma, Summit Health – Eastside Clinic  1501 NE Medical Drive,  Bend, OR 97701. (541) 382-2811. Mr. Nwanguma was a medical provider of Ms. Birts while she was incarcerated by CDOC and may testify as to information relating to her medical condition and treatment at times relevant to this case including information regarding the misconduct of Defendants.

6. Andre "Lavinia" Karpierz, Denver Women's Correctional Facility, 3600 Havana St., Denver, CO 80239. Ms. Karpierz is Ms. Birts' former cell mate at DWCF. Ms. Karpierz may have information regarding issues raised by Plaintiff's Complaint, including Ms. Birts' requests for medical care, contacts with CDOC staff/contractors, medical care at CDOC, and damages.

7. Conway Medical Center, 300 Singleton Ridge Rd., Conway, SC 29526. Plaintiff established care at Conway Medical Center ("Conway") upon her release from DWCF. Providers, staff, employees, and other representatives of Conway may be called to testify regarding Plaintiff's medical care and treatment, claims, damages,

and other matters raised in Plaintiff's Complaint. These individuals include, but are

not limited to:

- Julia Wren, MD
- Penelope Campbell, MD
- Justine Paget
- Lesley Plowman, NP

8.  University Health Physicians (FFACTS), Robert B. Green Campus. 903 W. Martin

St., San Antonio, TX 78207. Phone: (210) 358-3475. Ms. Birts received medical care

from this provider, following the incident(s), including but not limited to primary

care, women's healthcare, and mental healthcare. Plaintiff's providers have

information regarding Plaintiff's medical conditions, care, and treatment, as well as

damages following the incident(s). include, but are not limited to:

− Monica Delgado, PA-C
− Grace Ojo, PMHNP
− Maria E. Gonzales, FNP
− Roxann Ortiz-Vigil, LMSW

9.  Ashley Chavez
    Leisha Conner
    Amy Davidson
    Katie Giroux
    Jamie Harrelson
    Alex Herbert
    Garry McMahon
    Leslie Miller
    Brittany Ritz
    Jennifer Shell
    Denise Tarantino
    Kimberly Tucker
    Jesse Vargas
    Hilary Victoroff
    Debra Wysocki
    c/o Kelley Dziedzic and Joshua Urguhart
    kelley.dziedzic@coag.gov
    josh.urquhart@coag.gov

These individuals were medical staff at Denver Women's Correctional Facility during Ms. Birts' incarceration. They have knowledge of and may testify regarding their care of Ms. Birts while she was incarcerated as described and recorded in BIRTS 89-516 and CDOCBIRTS 118686-118696. Ms. Chavez saw and treated Ms. Birts for her dental care while incarcerated and has knowledge of and may testify regarding her dental care and Ms. Birts' dental condition at that time. Mses. Shell and Miller saw and treated Ms. Birts for her psychiatric and mental health care while incarcerated and have knowledge of and may testify regarding her mental health care and Ms. Birts' mental condition at that time. The other individuals saw and participated in Ms. Birts' medical care and treatment while she was incarcerated as nurses, administrative staff, or nurse practitioners and their specific interactions and experiences with respect to Ms. Birts are described and recorded in BIRTS 89-516 and CDOC-BIRTS 118686-118696.

10. Any and all records/information referenced in expert reports.

11. Any and all witnesses referred to by Defendant in this pretrial order.

12. Any witnesses necessary for impeachment purposes.

13. Any witnesses necessary to establish document foundation and authenticity.

iii. Plaintiff's witnesses where testimony is expected to be presented by means of a deposition:

None known at this time, but Plaintiff reserves the right to supplement if any witnesses become unavailable for trial.

b. **Expert Witnesses:**

i. Experts who will be present at trial:

1. Daniela Kantorová, Psy.D.
   Clinical and Forensic Psychologist, PSY29182
   1918 University Ave, Suite 3A
   Berkeley, CA, 94704
   Phone: (510) 269-2147
   Dr. Kantorova is a psychologist and is expected to testify consistent with her report about Plaintiff's emotional severe emotional distress damages.

2. Lori E. Roscoe, DNP, APRN, ANP-C, CCHP-RN
   13457 Machiavelli Way
   Palm Beach Gardens, FL 33418

16

404-805-9502
Dr. Roscoe is a Correctional Healthcare expert and is expected to testify consistent with her report about the deliberate indifference, negligence, and other misconduct at issue in the case, including standards of nursing care in a correctional facility and damages.

3. F. Ramzi Asfour, MD
   1887 Whitney Mesa Drive
   #8961
   Henderson, NV 89014
   Dr. Asfour is an Infectious Disease expert and is expected to testify consistent with his report about liability issues and damages at issue, including standards of care, Plaintiff's HIV condition, its progression, and its consequences on Ms. Birts.

ii. <u>Experts who may be present at trial:</u>

1. Deborah Reilly, NP, c/o Kelley Dziedzic and Joshua Urguhart
   kelley.dziedzic@coag.gov
   josh.urquhart@coag.gov
   NP Reilly is a Nurse Practitioner for the Colorado Department of Corrections (CDOC) and former primary care provider to Ms. Birts from 2020-2021. Ms. Reilly has knowledge of and may testify about Ms. Birts' HIV treatment, medical needs and treatment while incarcerated in CDOC, and syphilis testing and treatment. She may testify about her knowledge of when she and Ms. Birts were notified of Birts' HIV status, Ms. Birts' HIV treatment while incarcerated, conduct and omissions of Defendant Winn, information regarding testing ordered to confirm and treat Ms. Birts' syphilis, and polices, practices, and standard of care.

2. Victor Nwanguma
   Summit Health – Eastside Clinic 1501 NE Medical Drive,  Bend, OR 97701. (541) 382-2811. victor.nwanguma@state.co.us
   Dr. Nwanguma is an infectious disease specialist and former medical provider of Ms. Birts during 2021 in CDOC. He has knowledge of and may testify about Ms. Birts' HIV treatment, medical needs, and syphilis testing and treatment. He may testify about when Ms. Birts was notified of her HIV status, her HIV treatment while incarcerated, and information regarding testing ordered to confirm and treat Ms. Birts' syphilis.

3. Penelope Campbell, MD
   Julia Wren, MD
   Careteam Plus
   100 Professional Park Dr.
   Conway, SC 29526, (843) 234-0005
   These individuals were former medical providers of Ms. Birts beginning in 2022. Dr.

17

Campbell was her infectious disease specialist and Dr. Wren was her primary care provider. They have knowledge of and may testify about Ms. Birts' HIV treatment, medical needs, prescriptions, asthma, diabetes, mental health concerns and treatment, headaches, chest pain, and syphilis testing and treatment after she was released from CDOC custody. They may have knowledge about when Ms. Birts was notified of her HIV status.

4. Patricia Vandermark, c/o Office of the Attorney General, 1300 Broadway, 10th Floor Denver, CO 80203.
Ms. Vandermark was a former Health Services Administrator in CDOC for Denver Women's Correctional Facility. Ms. Vandermark has knowledge of and may testify about the medical treatment provided to Ms. Birts from 2020-2021, the actions and inactions of CDOC officials with respect to Ms. Birts from 2020-2021, the qualifications and training of CDOC officials and contractors, and rules and regulations regarding the reporting/notification of communicable disease results.

5. Tina Cullyford, RN., c/o Kelley Dziedzic and Joshua Urguhart
kelley.dziedzic@coag.gov
josh.urquhart@coag.gov
Tina Cullyford is a Regional Health Services Administrator for CDOC who supervised CDOC medical officials responsible for Ms. Birts from 2020-2021, including direct supervision of HSAs. Ms. Cullyford has knowledge of and may testify about CDOC policies and procedures for HIV reporting, treatment, and notification during the time Ms. Birts was incarcerated. She may testify about her knowledge of the roles and responsibilities of CDOC medical contractors during this time period.

6. George Sandoz, MD
Conway Medical Center
300 Singleton Ridge Road
Conway, SC 29526
(843) 347-7111
Dr. Sandoz was a medical provider who provided Ms. Birts care in 2023 in the Conway Medical Center Neurology Office. He has knowledge of and may testify about Ms. Birts' MRI results, neurological complaints and treatment, headaches, and ear damage.

7. Monica Delgado, PA (University Health Robert B. Green Campus FFACTS)
Grace Ojo, PMHNP-BC (University Health Robert B. Green Campus FFACTS)
Roxann Ortiz-Vigil, LMSW (University Health Robert B. Green Campus Social Work) Roxann Junco-Musquiz, LVN
Stephanie Hagee (University Health Robert B. Green Campus Family Medicine)
Alicia Logue (University Health Babcock Surgery Clinic)
Maria Gonzales, FNP-C (Robert B. Green Adult Continuity Clinic)

903 W. Martin Street
San Antonio TX 78207-0903
BEXAR
210-358-3710
These individuals are members of Ms. Birts' multi-disciplinary HIV care team. These individuals (Ms. Delgado, Ms. Hagee, Ms. Gonzales, and Ms. Logue) have knowledge of and may testify about Ms. Birts' current medical condition, in addition to her HIV treatment, condition, and prognosis. Ms. Ojo provides psychiatry services to Ms. Birts and has knowledge of and may testify about her current mental health condition and treatment including her anxiety, depression, MDD, memory loss, PTSD, sleep disturbance, appetite change, neurological concerns, insomnia, and medications. Ms. Ortiz-Vigil has coordinated Ms. Birts' team and has knowledge of and may testify about Ms. Birts' engagement in treatment, and counseling on HIV and community resources. Ms. Gonzales has provided Ms. Birts care and treatment for her current medical conditions including her type 2 diabetes, HIV, and other routine screenings. Ms. Junco-Musquiz has provided Ms. Birts gynecological care and has knowledge of and may testify about her current gynecological health and treatment.

8.  Karen Fulwood, DNP, PMHNP
    MOFDAPS Comprehensive Behavioral Health Services
    1203 48th Ave. N., Ste. 202
    Myrtle Beach, SC 29577
    Ms. Fulwood provided Ms. Birts behavioral health care services in 2022-2023. Ms. Fulwood has knowledge of and may testify about her evaluations of Ms. Birts, her psychiatric history and treatment, her symptoms including depression, hopelessness, decreased appetite, fatigue, anxiety, isolation and decreased sociability, fear, difficulty concentrating, shortness of breath, sweating, difficulty sleeping, irritability, and excessive worrying. Ms. Fulwood has knowledge of and may testify about Ms. Birts' physical and mental condition during the time of her care including her diagnoses of major depressive disorder and generalized anxiety disorder and her prescribed medications.

9.  Ashley Chavez
    Leisha Conner
    Amy Davidson
    Katie Giroux
    Jamie Harrelson
    Alex Herbert
    Garry McMahon
    Leslie Miller
    Brittany Ritz
    Jennifer Shell
    Denise Tarantino

> Kimberly Tucker
> Jesse Vargas
> Hilary Victoroff
> Debra Wysocki
> c/o Kelley Dziedzic and Joshua Urguhart
> kelley.dziedzic@coag.gov
> josh.urquhart@coag.gov1
> These individuals were medical staff at Denver Women's Correctional Facility during Ms. Birts' incarceration. They have knowledge of and may testify regarding their care of Ms. Birts while she was incarcerated as described and recorded in BIRTS 89-516 and CDOCBIRTS 118686-118696. Ms. Chavez saw and treated Ms. Birts for her dental care while incarcerated and has knowledge of and may testify regarding her dental care and Ms. Birts' dental condition at that time. Mses. Shell and Miller saw and treated Ms. Birts for her psychiatric and mental health care while incarcerated and have knowledge of and may testify regarding her mental health care and Ms. Birts' mental condition at that time. The other individuals saw and participated in Ms. Birts' medical care and treatment while she was incarcerated as nurses, administrative staff, or nurse practitioners and their specific interactions and experiences with respect to Ms. Birts are described and recorded in BIRTS 89-516 and CDOC-BIRTS 118686-118696.

10. Any and all witnesses referred to by Defendant in this pretrial order.

11. Any witnesses necessary for impeachment purposes.

12. Any witnesses necessary to establish document foundation and authenticity.

    iii.    <u>Plaintiff's witnesses where testimony is expected to be presented by means of a deposition</u>:

None known at this time, but Plaintiff reserves the right to amend or supplement if any witnesses become unavailable for trial.

**DEFENDANT'S WITNESSES:**

**a.**    **<u>Non-Expert Witnesses:</u>** *See Exhibit A[6]*, NP Winn's preliminary Non-expert Witness List.

**b.**    **<u>Expert Witnesses:</u>** *See Exhibit B*, NP Winn's preliminary Expert Witness List. Note: this

---

[6] At the time of filing, Plaintiff's counsel did not have Defendant's exhibits.  Plaintiff's counsel has thus requested Defendant file them separately.

List contains both retained and non-retained experts, including treating providers.

**c.**     **<u>Non-Retained Experts who may be present at trial</u>:** *See Exhibit B*, NP Winn's preliminary Expert Witness List.

<u>Defendant's witnesses where testimony is expected to be presented by means of a deposition:</u>

None known at this time, but Defendant reserves the right to supplement if any witnesses become unavailable for trial.

## 7.     EXHIBITS

Parties will comply with applicable federal civil procedural Rules and judicial Practice Standards with respect to trial exhibits. These lists are considered preliminary, and Parties reserve the right to amend exhibit lists before trial.

**PLAINTIFF**:

1. Birts CDOC Offender Records (BIRTS 1-88)

2. Birts CDOC Medical Records (BIRTS 89-516)

3. Birts' Conway Medical Records (BIRTS 517-524)

4. CDOC and CDPHE Policies (BIRTS 525-535)

5. Birts' Medical Records (BIRTS 536-548) (CONFIDENTIAL)

6. Grievances (BIRTS 549-568)

7. Kites and Responses (BIRTS 569-580)

8. Birts Reports Records (BIRTS 581-582)

9. Communication Records (BIRTS 583-603)

10. Kisha Birts Medical Records (BIRTS 1220-1237) (CONFIDENTIAL)

11. WSi Healthcare Personnel Website Pages (BIRTS 1238-1251)

12. Conway Medical Records (Confidential) (BIRTS 1252-1263)

13. FFACTS Clinic Medical Records (Confidential) (BIRTS 1264-1398)

14. MOFDAPS Mental Health and Billing Records (Confidential) (BIRTS 1399-1414)

15. CDOC Communicable Disease Reporting Form (BIRTS 1423-24)

16. Penrose (post-incident) Medical Records

17. Birts' Grievances (CDOC/BIRTS 00001-00009)

18. Medical records (CDOC/BIRTS 00010-00849)

19. Chronological Record, CDOC/BIRTS 00850-00872.

20. Audit Log of CDOC eOMIS system - Kisha Birts medical records CDOC-BIRTS_118685 (produced as an .xml file)

21. Appointment List, Kisha Birts, CDOC-BIRTS_118686-118696

22. NP Winn's binder documents (Bates NP Winn 0027-0085)

23. NP Winn's *curriculum vitae* (NP Winn 0086-0087, WSi SDT 1-2)

24. Winn's Registered Nurse Job Description (WSi SDT 60-64)

25. Text messages between NP Winn and Joe Allaire (Bates CONFIDENTIAL NP Winn 0088-0091)

26. Email communications by and/or between NP Winn and WSi (NP Winn 8-10, WSi Emails 001-224)

27. Rita Winn CDOC Time Sheets and Time Cards (Bates WSi SDT 2 Response 01-77)

28. All relevant CDOC policies, clinical standards, and Administrative Regulations (including, e.g. BIRTS 525-535, CDOC-BIRTS 118384-93, CDOC-BIRTS 118636-42)

29. All relevant training and associated records from CDOC, WSi, etc.

30. All relevant CDOC HIV counseling materials (including CDOC-BIRTS 122323-27)

31. Discovery Responses and associated records from Defendant Winn

32. Discovery Responses and associated records from CDOC

33. Discovery Reponses and associated records from PA Riley

34. All relevant party or witness deposition transcripts.

35. Any and all records referred to by Defendant in this pretrial order.

36. Any records necessary for impeachment or rebuttal purposes.

**DEFENDANT:** *See Exhibit C*, NP Winn's preliminary Exhibit List.

NP Winn has reviewed her preliminary Witness and Exhibit Lists at the request of the Court due to its length. NP Winn's Exhibit List appears lengthy because NP Winn isolated records for ease of identification and use at trial. For example, instead of having a single exhibit consisting of all the care provided at CDOC (more than 1,000 pages), NP Winn lists individual exhibits corresponding to separate and pertinent dates of care. This practice promotes judicial efficiency by making it easier for witnesses and the jury to review records, especially where, as here, certain CDOC and other medical records are not organized chronologically. Counsel further continues to work on streamlining witnesses give the trial date.

Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8.    DISCOVERY

Discovery has been completed.

## 9.    SPECIAL ISSUES

Defendant requests clarity related to the specific damages Plaintiff may be permitted to seek at trial.

Plaintiff respectfully requests that the Court seek clarity from Defendant as to her actual applicable defenses that she may present at trial. Despite conferral, Defendant has declined to narrow down her broad set of defenses listed which include many inapplicable defenses including failure to state a claim and qualified immunity. Defendant contends that her listed defenses are viable.

Covid related jury instructions.

### 10.    SETTLEMENT

The undersigned counsel for the parties hereby certify that:

a. Counsel for the parties participated in an early mediation to discuss the possibility of settlement of the case on January 4, 2024. Defendants Reily and CDOC reached a resolution with Plaintiff, but Defendant Winn did not. One last attempt was made to resolve the case shortly thereafter, but failed. The remaining parties have not discussed settlement since that timeframe.

b. The participants in the settlement conference, included counsel, party representatives, and any *pro se* party.

c. The parties were promptly informed of all offers of settlement.

d. Counsel for the parties and any *pro se* party do not intend to hold future settlement conferences.

e. It appears from the discussion by all counsel that resolution of the pending MSJ motion is needed to inform any possibility of settlement.

24

f.    Counsel for the parties and any pro se party considered ADR in accordance with

D.C.COLO.LCivR.16.6.

## 11.    OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of

the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom

claims are made in this case.  There have been no offers of judgment in this case.

## 12.    EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and

the trial, and may not be amended except by consent of the parties and approval by the court or

by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.

This Final Pretrial Order supersedes the Scheduling Order.  In event of ambiguity in any

provision of this Final Pretrial Order, reference may be made to the record of the pretrial

conference to the extent reported by stenographic notes and to the pleadings.

## 13.    TRIAL AND ESTIMATED TRIAL TIME;
## FURTHER TRIAL PREPARATION PROCEEDINGS

1.    The trial is to a jury.

2.    Seven Day Jury Trial set before Chief Judge Brimmer on June 15, 2026, at 8:00
a.m.

3.    The trial will be held at the United States District Court for the District of
Colorado, Alfred A. Arraj U.S. Courthouse, 901 19th St., Denver, CO.

4.    Trial Preparation Conference set before Chief Judge Brimmer on May 29, 2026,
at X:XX p.m.    10 a.m.

5.    There are no other orders pertinent to the trial proceedings at this time.

25

**DATED** this ___21st___ day of May, 2026.

BY THE COURT:

_____
Hon. Kathryn A. Starnella
United States Magistrate Judge

APPROVED:

s/ *Raymond K. Bryant*
Raymond K. Bryant
Civil Rights Litigation Group,
1543 Champa St., Suite 400
Denver, CO 80202
Phone: (720) 515-6165
Fax: (720) 465-1975
raymond@rightslitigation.com

s/ *Aurora L. Randolph*
**Aurora L. Randolph**
ALR Civil Rights LLC
9888 W. Belleview Ave.
Suite 2129
Denver, CO 80123
Phone: (303) 968-1703
aurora@alrcivilrights.com

*Attorneys for Plaintiff*

s/ *Kari Hershey*
Kari M. Hershey #34246
Hershey Decker Drake, PLLC
10453 Park Meadows Drive, Ste. 209
(720) 535-8539
kari@hersheydecker.com
*Attorney for Defendant Winn*